THE NEW JERSEY JUNCTION RAILROAD COMPANY v. THE
MAYOR AND ALDERMEN OF JERSEY CITY.

Submitted July 11, 1898—Decided February 27, 1899.

1. Lands owned by a railroad company adjacent to the main right of way
   and reasonably necessary or convenient for the purposes of a railway,
   or used incidentally for such purposes and not actually used for other
   purposes, are exempt from general taxation, and are only subject to the
   special taxation imposed by the state board of assessors.
2. If the lands are of such reasonable quantities as may be fairly antici-
   pated to meet the emergencies of railroad uses, it is subject only to
   state taxation, although it may not at the time be wholly devoted to
   such use, or at the time absolutely necessary for such use, so long as it
   is not devoted to any other use or purpose.

On application for summary determination of the character
of certain property assessed by the local board of assessors of
Jersey City, and also assessed by the state board of assessors
for the year 1896.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the state board of assessors, *Samuel H. Grey*, attorney-
general.

For the New Jersey Junction Railroad Company, *James
B. Vredenburgh*.

For the city of Jersey City, *John W. Queen*.

The opinion of the court was delivered by

LIPPINCOTT, J.   This proceeding is taken by virtue of the
two hundred and thirty-ninth section of the statute concerning
taxes.   *Gen. Stat., p.* 3332, § 239.

The question is whether for the year 1896 certain lands in
Jersey City, belonging to the New Jersey Junction Railroad
Company, should be taxed by the local taxing authorities of

that city, as other lands and property are taxed, or only subjected to taxation by the state board of assessors under the act entitled "An act for the taxation of railroad and canal property," approved April 10th, 1884, and the supplements thereto.   *Gen. Stat., p.* 3324.

The tests to be applied are whether these lands are now used or devoted to railroad purposes, or held for fairly anticipated railroad purposes and emergencies, and the purposes incident thereto.

If these lands are either used for railroad purposes, or held by the railroad company solely for fairly anticipated railroad purposes, they are then taxable only by the state board of assessors as railroad property, and are not subject to local taxation.

These rules can hardly need repetition as they have so often been adjudicated.   *Gen. Stat., p.* 3332, § 239 ; *United Companies* v. *Jersey City,* 26 *Vroom* 129 ; *Currie* v. *Waverly Railroad Co.,* 23 *Id.* 378 ; *United Companies* v. *Jersey City,* 28 *Id.* 563, 569 ; *National Docks, &c.,* v. *Pennsylvania Railroad Co.,* 28 *Id.* 637, 641 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Newark,* 31 *Id.* 60, and cases cited in the latter case.

The testimony taken in the matter is entirely undisputed, and it is within a very narrow compass.   It is extremely brief and whether any other facts than those contained in the evidence can be shown need not be considered, and it also must be remembered that it is only the taxation of the year 1896 which is the subject of this summary consideration and determination.

The whole of the property was returned to the state board of taxation as railroad property.

Upon examination of the evidence it appears that none of the lots locally assessed are used for any purpose or use other than that of a railroad.

Lot 29, block 545, contains about ten acres, without any improvements upon it, except it adjoins the right of way of the railroad in question.   It is not rented, and the railroad

derives no revenue from it whatever. A large portion of it is side hill adjoining the railroad tracks and could not be used for any purpose except it be connected with the railroad. The evidence shows that it is held by the railroad in anticipation of using it for railroad purposes in the future.

Lot 31, so far as it appears by the evidence, has on it a railroad track connected with main line of the New Jersey Junction Railroad Company, and the track is used for general coal delivery.

Lot 33 is unimproved meadow, which adjoins the main tracks of the company, which is carried over the meadow by a trestle about twenty feet high. A contemplated filling in under the trestle would take about thirty feet of space, and the weight would uplift the whole of the lot, and the evidence is that it is held for this as well as other uses of the railroad.

The evidence shows that lot E, block 439, and lot A, in block 440, are in actual use as a railroad freight-yard.

Lot 17, block 446, has a railroad freight-house on it, and is also used as a teaming-yard to get access to the freight-yard which would be to a great extent inaccessible but for the use of this lot.

The conclusion of fact reached upon the evidence is that all these lands are held and used, or fairly and reasonably retained, for anticipated railroad purposes, and that the different lots and parcels are not severable, so that one portion could be made subject to general taxation and another to state taxation.

Therefore, the taxes assessed by the local taxing authorities of Jersey City are set aside and vacated, and the taxes imposed by the state board of assessors are affirmed.