NATIONAL DOCKS RAILWAY COMPANY v. STATE BOARD OF ASSESSORS AND CITY OF BAYONNE.

Argued November 8, 1899—Decided February 26, 1900.

Land acquired by a railroad company for a right of way and for terminal facilities, on no part of which a railway has been constructed, and which is not otherwise used for railroad purposes, is subject to taxation by the local authorities, under the Railroad and Canal Tax act of March 27th, 1888.

On petition.

Before Justices DIXON, GUMMERE and LUDLOW.

For the railway company *Charles D. Thompson.*

For the state board, *Samuel H. Grey,* attorney-general.

For the city of Bayonne, *James Benny.*

The opinion of the court was delivered by

DIXON, J.    This is a proceeding under section 28 of the "Act for the taxation of railroad and canal property," approved March 27th, 1888 (*Gen. Stat., p.* 3324), and it brings up for review taxes assessed both by the assessors of the city of Bayonne and by the state board of assessors, on real property of the National Docks Railway Company in said city. The city taxes were assessed in the year 1891 and in the subsequent years up to and including 1898; the state taxes were assessed during the years 1892 to 1898 inclusive.    Only one of these authorities could properly assess taxes on the same land, and the question for determination is which tax was legally assessed in each year.

The statutory provision is that all the property of the railroad company *not used for railroad purposes* should be assessed by the city assessors.    In *United New Jersey Railroad, &c., Co.* v. *Jersey City,* 26 *Vroom* 129, the Court of Errors, construing this provision, held that the authorized right of way of a railroad duly acquired, over which a railway has been constructed and is in good faith operated, is used for railroad purposes, within the meaning of the act, although it may not for the time being be wholly occupied by tracks or other railroad appliances.

Under the view of the statute thus interpreted, we have reached the following conclusions, in expressing which the maps in evidence before us will for convenience be designated as sheets No. 1 and No. 2.

None of the property assessed by the city was used for railroad purposes when the taxes for 1891 were assessed.    The city tax for that year is therefore sustained.

Since and including the year 1892, all the property on sheet No. 2 has been used for railroad purposes.    The state taxes for those years on that property must therefore be sustained, and the city taxes must be set aside.

Since and including the year 1892, all the property on sheet No. 1, except that lying south of the trestle which extends about fourteen hundred feet south of the junction of the main

and branch lines of the company, has been used for railroad purposes. The state taxes for those years on that property must therefore be sustained, and the city taxes must be set aside.

The property above excepted, although acquired for a right of way and for terminal purposes, had not had a railway constructed on any part of it, or been otherwise used for railroad purposes, until the latter part of the year 1898, when it began to be so used. The city taxes on that property, for the years up to and including 1898, must therefore be sustained, and the state taxes must be set aside.

The counsel for the city urges that the petition of the railway company, which initiated this proceeding, should be dismissed for laches, but the statute under which we are acting seems to admit of no such plea.

We think it equitable that each party should bear its own costs.