IN THE MATTER OF THE APPLICATION OF THE NEW YORK BAY RAILROAD COMPANY FOR A SUMMARY DETERMINATION AS TO CERTAIN LANDS IN JERSEY CITY, WHICH HAVE BEEN ASSESSED BY THE LOCAL AUTHORITIES OF JERSEY CITY, AND ALSO ASSESSED BY THE STATE BOARD OF ASSESSORS, AS PROPERTY USED FOR RAILROAD PURPOSES.

Argued February 19, 1907—Decided June 10, 1907.

Application was made by a railroad corporation of this state for a summary determination as to certain lands in the city of J., located within the right of way of its railroad, which had been assessed by the local authorities of the city during the period from 1894 to 1902, and also assessed during the same period by the state board of assessors, as property used for railroad purposes, to settle their character for the purposes of taxation, and by which assessors the same has lawfully been assessed pursuant to section 28 of the revised Railroad and Canal Taxation act. *Pamph. L.* 1888, *p.* 269. It appeared that work on the road began in 1889, and was continued from time to time upon some portions of the right of way for several years thereafter, but that no work was done in the vicinity of the lands assessed, which consisted of lots in certain city blocks, until the latter part of the year 1900, up to which time part of the lands remained unused and unimproved, and part was in use for farming purposes. In the latter year the work of construction began, and was practically continuous thereafter until October, 1904, when the road was completed so that it could be operated. It was *held*—

(1) That ordinarily, where a company has not completed its road, and is engaged in the work of construction, the exemptive words of the statute must be extended to property within the right of way not actually used for other purposes during such work of construction.

(2) But where such work of construction has been delayed beyond the requirement of reasonable necessity, in order thereby

to serve the interest or convenience of the company, then lands situated as these were before the work of construction began in that part of the right of way would not be entitled to the benefit of such exemption.

(3) That the taxes assessed by the city authorities from 1894 to 1900, inclusive, must be sustained, and the assessments made by the state board of assessors during the same period must be canceled and the taxes collected thereon by the state returned to the applying company; that the taxes levied by the city for the years 1901 and 1902 must be canceled.

On rule to show cause.

Before Justices FORT, HENDRICKSON and PITNEY.

For the New York Bay Railroad Company, *James B. Vredenburgh.*

For the mayor and aldermen of Jersey City, *Robert Carey* and *George L. Record.*

For the state, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

HENDRICKSON, J.   This is an application by the New York Bay Railroad Company for a summary determination of the character of certain lands owned by the applicant and located within the bounds of the city of Jersey City for the purposes of taxation, which have been assessed by the local authorities of the city and also assessed by the state board of assessors as property used for railroad purposes, pursuant to the authority of section 28 of the revised act for the taxation of railroad and canal property. *Pamph. L.* 1888, *p.* 269. The lands thus doubly taxed are plot 2, block 1390, Miles street; block 1383, lot 2, Miles street; block 1404, lot 3 and gore, as plotted upon the assessment map of Jersey City. The case shows that these plots were assessed for taxes by the city for the years 1894 to 1902, inclusive, and that for the same years they were assessed by the state board of assessors, and that the taxes thus levied have been paid to the state. The

lands thus assessed are within the right of way of the New York Bay railroad, the main stem which connects the Pennsylvania railroad at Waverly with a freight terminal yard on New York bay in that part of Jersey City called Greenville.

The company was formed in 1890 by a merger of other companies. Work was done on this railroad in 1889 and 1890 by filling in back of the dike on Newark bay and running that filling westerly towards Waverly, and this work continued off and on at that point for several years, covering a distance of several thousand feet. Some work was also done in 1889 near the crossing of the Central railroad in Jersey City, four hundred feet of trestle being built west of the crossing and two hundred feet of embankment east of the crossing, but nothing was done in that part of the right of way which includes the blocks where the taxes in question were levied until the latter part of the year 1900, when the grading of the road and the building of bridges over streets and the laying of tracks commenced. Until that year the land in blocks 1383 and 1390 remained in its natural state unimproved and was not used for any purpose, but the land in block 1404, except the gore, was being used in 1900 for farming purposes, a truck farm being located therein, which was farmed until the farming was interfered with by work on the railroad. Construction trains ran over this property between 1900 and 1904, but the work was not completed so that the railroad could be operated until October, 1904.

The question therefore is, were the plots of ground covered by the assessments in question during the years named when they were levied, property used for railroad purposes within the meaning of the revised act for the taxation of railroad and canal property, approved March 27th, 1888. *Pamph. L.* 1888, *p.* 269. It was held by the Court of Errors and Appeals in *United New Jersey Railroad, &c., Co.* v. *Jersey City,* 26 *Vroom* 129, that the authorized right of way of a railroad duly acquired, over which a railway has been constructed and is in good faith operated, is used for railroad purposes within the meaning of the act named, although it may not, for the time being, be wholly occupied by tracks or other railroad

appliances. But the case *sub judice* presents a different question, for the taxes in dispute were levied during the period of construction and before the road was in operation. The rule to be here applied was laid down by this court in *State, &c., v. Haight,* 6 *Id.* 40. That rule, briefly stated, is this: Where a company has not completed its road and appendages and is engaged in the work of construction, the exemptive words of the statute must be extended to property, not actually used for other purposes, which has been acquired as the means of carrying into effect the objects of the charter and is fairly within the plan upon which the work is being executed and will be necessary for the business of the company when the same is completed. Under this rule we would have no hesitation in extending the claim of exemption from local taxation to the lands assessed for so long a period as was reasonably necessary for the construction of the road. But where such a work has been delayed beyond the requirement of reasonable necessity in order to serve the interest or convenience of the company, then we think that lands in the situation that these were before the work of construction began in that part of the right of way would not be entitled to the benefit of such exemption. Such a ground of limitation in applying a rule of exemption to railroad property was laid down in the opinion in *State* v. *Mansfield,* 3 *Zab.* 510, where Justice Potts said that "the limitation must be fixed where the necessity ends and the mere convenience begins." The burden was upon the company seeking the benefit of the exemption to show that they had brought themselves within the rule here stated. This, we think, they failed to do. Another ground for denying the exemption to block 1404, lot 3, is found in the fact that in 1900 and prior thereto it was used for farming purposes. *State* v. *Mansfield, supra.*

Our conclusion therefore is that the lands so assessed by the local authorities of Jersey City during the period from 1894 to 1900, inclusive, were not property used for railroad purposes within the meaning of the exemption act, and that the city taxes so assessed thereon during the period named should stand, and that the assessments made on said lands

by the state board of assessors during the same period should be canceled and the taxes collected thereon by the state returned to the applying company; that after the year 1900 the exemption must apply and the taxes levied thereon by the city authorities for the years 1901 and 1902 must be canceled. The judgment will be entered without costs to either party.