ELSIE HANSEN v. JOSEPH DE VITA.

Argued December 9, 1908—Decided March 10, 1909.

1. An application for a *mandamus* to compel the Circuit Court to amend its record, after a judgment has been pronounced on such record by this court upon proceedings in error in which such record was brought up by the relator and errors assigned thereon by him, will be denied.
2. To compel a court to decide a particular matter in a particular way is not the function of *mandamus*.
3. Where an inferior court has heard a motion to amend its record, and in the exercise of its discretion has refused to do so, such refusal cannot be controlled by *mandamus*.

On application for a *mandamus* to compel the Circuit Court of Middlesex county to reform the record of a judgment by striking out of a declaration two counts in tort and changing the remaining count from tort to contract.

The judgment in question was entered in an action brought in 1906, in which the plaintiff's declaration contained three counts, all apparently in tort. It is alleged that at the trial the first count was treated as one in contract and that the second and third counts were treated as struck out, no such amendments, however, being actually made. Verdict having gone against the defendant, a rule to show cause applied for by him was granted, by which exceptions were not reserved. Upon the subsequent discharge of this rule the defendant removed the judgment record to the Supreme Court for review by writ of error.

The record thus brought into the Supreme Court showed a declaration with three counts in tort and a general verdict. After this return had been made, counsel applied to the Circuit Court for an amendment of the record, which was denied upon the ground (as stated in the brief of counsel) that the record was in the Supreme Court. Upon the record as it appeared in the return to the writ of error twenty-six assignments of error were filed, some of which were appropriate to the record only in its unamended state. After

argument the judgment was affirmed upon the ground that the record laid before the court by the plaintiff in error and on which his assignments were based supported the judgment of which he complained. *Hansen* v. *De Vita,* 47 *Vroom* 96.

By this decision, rendered on February 24th, 1908, the judgment of the Circuit was affirmed. At the June Term of 1908 application was made to this court to open its judgment and require of the Circuit Court an amended record or to remit the record to the Circuit Court for amendment, which was denied upon the ground that for the purposes of amendment in matters of substance the record remained in the Circuit Court. *Hansen* v. *De Vita,* 47 *Vroom* 330.

Application was then made to the Circuit Court to amend the record in order to make it conform to the trial theory which was denied by the Circuit Court in the exercise of its discretion as coming too late after the affirmance of the judgment by the Supreme Court upon the record brought before it by the plaintiff in error as the record to be reviewed. A *mandamus* is now applied for to command the Circuit Court to do what it thus refused to do.

Before Justices GARRISON, PARKER and VOORHEES.

For the motion, *Robert Adrain.*

*Contra, Charles C. Hommann.*

The opinion of the court was delivered by

GARRISON, J.   The *mandamus* that is applied for would seem to run counter to two well established principles touching the ordering of the amendment of judgment records. First, in that the relator has already taken the judgment of this court upon a record laid before it by him as being the record in the cause. At any time before the rendition of its decision upon the record thus laid before it, this court could have listened to a suggestion looking to its withdrawal and the substitution of some other record; even after argument

such a suggestion is not necessarily too late. Thus in the case of *Apgar* v. *Hiler,* 4 *Zab.* 808, Chief Justice Green, speaking for the Court of Errors and Appeals, said: "This may be done even after argument," but added that where the party making the application had suffered two terms to pass "there would be serious objection to permitting the amendment to be made upon any terms where the objection was not merely formal and where the other party has been subjected in vindication of his rights to the expense of setting down the cause for hearing and preparing for argument."

If this be so even before argument it must upon principle and to a much greater degree be so after a writ based on such record has been prosecuted to a final decision. In the case cited moreover the application came from the defendant in error who had not brought up the record, hence the principle invoked would apply with much greater force to the plaintiff in error who had laid before the court the record as the one upon which he desired its judgment.

The doctrine underlying this practical rule is that litigants are not to speculate by obtaining the decision of a court upon a record solemnly laid before it for that purpose and then, if such decision chanced to be unfavorable, be heard to say that such record laid before the court was not the real record. In the present case the relator as plaintiff in error had the advantage of having before this court the record on which its judgment was asked under many assignments of error; had the decision on any of the grounds based on such record been favorable to him he would have obtained a reversal of the judgment upon a ground which he now says ought not to have been open to him at all. After having enjoyed whatever of advantage inhered in the situation thus created by him, it is too late now for him to say that the record of which he thus availed himself was not the record in his cause. This court in the exercise of a sound discretion regulated by the foregoing principle, enunciated by Chief Justice Green, should, under such circumstances, withhold its writ of *mandamus.*

The other objection is that the *mandamus* is asked for to compel the Circuit Court to make a specific change in its record. The Circuit Court has already entertained a motion to make such change and has decided not to make it. The refusal of a court to decide a particular matter in a particular way cannot be controlled by *mandamus*. *Squier* v. *Gale,* 1 *Halst.* 157.

This court by *mandamus* may compel an inferior court to exercise its discretion, but it cannot control or dictate to the court in the exercise of that discretion. *Roberts* v. *Holsworth,* 5 *Halst.* 57.

A refusal of an inferior court in its discretion to amend its record cannot be reviewed by this court. *Davis* v. *Delaware Township,* 13 *Vroom* 513; affirmed, 16 *Id.* 186.

Therefore as was said in the opinion adopted by the Court of Errors in the last case cited: "A writ of *mandamus* will not go to a court to compel it to alter its record so that it will correspond with a state of facts disclosed by affidavits."

The case before us is directly within these general principles, since its sole and avowed purpose is to compel the Circuit Court to reverse a decision it has already made upon a consideration by it of the precise question that is now before us. This is not the function of the writ of *mandamus.*

Upon either of the grounds stated the application now before us must be denied.