NEW YORK BAY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. CITY OF NEWARK, DEFENDANT IN ERROR.

Submitted January 5, 1912—Decided June 20, 1912.

1. Where an authorized right of way has been acquired by a railroad company over which it has constructed and is operating its road and such right of way is not devoted to any other use, it is in legal contemplation land used for railroad purposes, although the entire right of way may not, for the time being, be occupied by tracks or other railroad appliances; hence a judicial determination that, upon the foregoing facts, the part of the right of way thus unoccupied is, for purposes of taxation, land not used for railroad purposes, is not a determination of a disputed question of fact which this court will not review, but a failure to apply the proper legal rule to an undisputed state of facts which this court will correct.

2. This rule is equally applicable to assessments for local improve-

ments, its practical effect being to eliminate the enhancement of the market value of land included in a railroad right of way either as a ground for its assessment for such improvement or as a basis for the estimation of benefits.

3. The proper rule with respect to assessments for local improvements is that the right of way of a railroad company being in legal contemplation land used for railroad purposes cannot be assessed upon the basis of the enhancement of its market value, but may be assessed to the extent of actual benefits conferred upon such land for railroad purposes.

---

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 146.

An assessment for benefits for paving Rose avenue in the city of Newark was sustained by the Supreme Court as to a lot of land having a frontage of seventy-five feet on Rose avenue and a depth of one hundred feet, said lot being a part of the right of way of the plaintiff in error not occupied by its tracks. The facts are fully stated in the opinion of the Supreme Court.

For the plaintiff in error, *Vredenburgh, Wall & Carey.*

For the defendant in error, *Herbert Boggs.*

The opinion of the court was delivered by

Garrison, J. In the case of *United New Jersey Railroad Co.* v. *Jersey City,* 26 *Vroom* 129, we held that "where an authorized right of way has been acquired, over which a railroad has been constructed and is in good faith operated, which right of way is not devoted to another purpose, it is used for railroad purposes within the meaning of the statute considered, although it may not, for the time being, be wholly occupied by tracks or other railroad appliances."

The statute referred to was "An act for the taxation of railroad and canal property" (*Pamph. L.* 1884, *p.* 142); and while the matter directly adjudged was that the land in question was not subject to local assessment for taxation, the broader point decided was that the right of way of a railroad company, although at the time not wholly occupied

by railroad appliances, was nevertheless and to its entire extent, in legal contemplation, "land used for railroad purposes."

This decision, which was reached, not upon the circumstances of the particular case, but upon public considerations arising from the given state of facts, lays down the legal rule to be applied in all cases where such state of facts exists and the matter for determination is the assessment of the right of way of a railroad company; and hence is equally applicable to assessments for local improvements with this practical difference, viz., that the determination that lands are used for railroad purposes which in the case of general taxation removes them altogether from local assessment, in the case of local improvements permits such lands to be assessed to the extent of the actual benefit conferred upon them for their present use, *i. e.*, for railroad purposes.

The practical effect therefore of the rule in question is to eliminate enhancement of the market value of the land included in a railroad right of way either as a ground for its assessment for local improvements or as a basis for the estimation of benefits. *Morris and Essex Railroad Co.* v. *Jersey City, 7 Vroom* 56.

The sound reason upon which this rule rests is that land acquired under a legislative sanction that implies its permanent devotion to a public use cannot, without a violation of such public use, have a market for any other purpose and hence, as such a violation will not be presumed, such land has, in legal contemplation, no market value to be enhanced. Of course if such land is actually put to an alien use the rule in question does not apply.

There is nothing, however, to prevent the land while so devoted to its public use from receiving from a public improvement actual benefit for such public use, and hence to the extent that such land is thus benefited the right of way of a railroad company may be assessed for such an improvement.

The rule, therefore, with respect to assessments for local improvements is that the right of way of a railroad company,

being in legal contemplation land used for railroad pur-
poses, cannot be assessed upon the basis either of the general
or special enhancement of its market value, but only for
actual benefit to such land for the public uses for which it
was acquired.

The case of *Morris and Essex Railroad Co.* v. *Jersey City,*
35 *Vroom* 148; *affirmed,* 36 *Id.* 683, involves no deroga-
tion from this rule, since in that case the land assessed con-
sisted of city lots *underneath which* the railroad ran through
a tunnel constructed at so great a depth that the lots were
left available for ordinary building purposes and had a mar-
ket value as such.

Nor does the case of *Paterson and Hudson River Railroad
Co.* v. *Passaic,* 25 *Vroom* 340, depart from the rule, but
on the contrary enforces and illustrates it since the drainage
of railroad property by a sewer (which was the improvement
in that case) is an actual benefit to the land in its present
use, *i. e.,* for railroad purposes.

Where, however, the railroad ran on a trestle so that a
sewer was of no benefit to it, the assessment was properly set
aside and the correct reason therefor given by Mr. Justice
Parker in *Lehigh Valley Railroad Co.* v. *Jersey City,* 52
*Vroom* 290.

The rule was also applied with like discrimination in *Erie
Railroad Co.* v. *Paterson,* 43 *Vroom* 83, where the Supreme
Court sustained an assessment for the paving of the part of
a street immediately connecting with the paved yard of the
railroad passenger station. In the opinion delivered by Mr.
Justice Dixon, he fully recognized, however, the rule that
such assessment rested upon the increased facility of use for
railroad purposes and not upon enhancement of · market
value.

In a later case the same court, while citing this opinion
with approval, held that the discrimination there made had
no application to an assessment for the paving of a street
crossed at right angles by the freight tracks of the railroad
company so that the unused part of the right of way actu-
ally fronted on the improved street, the reason being that

no benefit for railroad use was conferred and that for general improvements that enhanced market value the railroad right of way could not be lawfully assessed. *New York Bay Railroad Co.* v. *Newark,* 48 *Vroom* 270.

It is impossible for me to distinguish the case last cited from the case before us.

The cases relied upon by the court below, viz., *Morris and Essex Railroad Co.* v. *Jersey City,* 7 *Vroom* 56, and *Morris and Essex Railroad Co.* v. *Haight,* 6 *Id.* 40, were cases not of a railroad right of way, but of other property held under the special charter of the same company upon the terms of which the decision was rested. Had it been otherwise, they must be deemed to be overruled by the more recent case of the United New Jersey Railroad Co. *v.* Jersey City.

Tested by the legal rule thus illustrated, the judgment of the Supreme Court in the present case was erroneous, and its error consisted not in its determination of a disputed question of fact but in its failure to apply to a given state of facts the legal rule properly applicable thereto.

An examination of the opinion filed in the court below shows that the court based its judgment upon the conclusion reached by it that the right of way of the prosecutor, because not wholly devoted to present railroad use, was as to such part land not used for railroad purposes, and hence sustained as to such unused part of the right of way an assessment for an improvement that enhanced the market value of such part of the right of way, but was of no benefit to the prosecutor's land for railroad uses.

This conclusion violates the established rules illustrated by the cases cited, and especially that laid down by this court in *United New Jersey Railroad Co.* v. *Jersey City,* 26 *Vroom* 129. For upon the precise state of facts upon which this court in that case laid down the rule that a right of way, although but partially in railroad use, is in legal contemplation land used for railroad purposes, the court below decided that, as to such unused part, the right of way was land not used for railroad purposes. This was not a finding upon a disputed question of fact, for as to the facts there was no dispute; it was a

failure to apply to a given state of facts the established legal rule. To put it in another form, it was the drawing of an inference from a state of facts with respect to which judicial decision had prescribed the only permissible inference, that is to say, had laid down a legal rule.

No other point was decided by the Supreme Court, and hence its judgment rests not upon a matter that this court will not review, if supported by any evidence, but wholly upon an error which this court will review and correct.

The judgment of the Supreme Court is reversed, and the assessments of benefits on the prosecutor's right of way is set aside, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDEN-BURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 13.