THE CITY OF KANKAKEE, Appellee, *vs.* THE ILLINOIS CEN-
TRAL RAILROAD COMPANY, Appellant.

*Opinion filed February 20, 1913.*

1. SPECIAL ASSESSMENTS—*objections not urged in county court
are waived.* Error cannot be assigned upon the *pro forma* action
of the county court in overruling certain of the legal objections to
a special assessment, where the bill of exceptions shows that such
objections were not urged before that court and were thus waived
or abandoned.

2. SAME—*rule as to describing right of way assessed.* Under
section 40 of the Local Improvement act, if the right of way of a
railroad company through a city receives benefits throughout any
specific portion of its length, it is sufficient, in making the assess-
ment, to describe that section of the whole right of way to which
the benefits accrue, and it is not necessary to specify what portion
of the width of the right of way is deemed to be benefited.

3. SAME—*measure of benefits where land is restricted to a spe-
cial use.* Where land is restricted to a special use, such as a rail-
road right of way, the measure of benefits which it may receive
from a local improvement is the increased value of the property
for such special use and not for some other use to which it might
be put in the future; but the admission of evidence concerning
such future use will not reverse, where the case was tried with-
out a jury and the evidence of benefits for the special use is suf-
ficient to sustain the judgment.

4. SAME—*railroad right of way is not exempt from assessment
for paving.* The mere fact that property which for several blocks
adjoins the street proposed to be paved is railroad right of way
does not, as a matter of law, show that such property cannot be
specially benefited by the proposed improvement.

5. SAME—*city council determines extent of proposed improve-
ment.* The determination of the extent of the proposed improve-
ment rests in the discretion of the city council, and the courts will
not interfere with the exercise of such discretion unless it clearly
appears that it has been abused.

6. SAME—*assessment must be spread according to benefits from
the particular improvement.* Under the Local Improvement act an
assessment for a particular improvement must be spread solely ac-
cording to the benefits, and it is immaterial whether the property
so assessed has been assessed, or is proposed to be assessed, for
benefits because of other and similar local improvements.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, for appellant.

WAYNE H. DYER, and JOHN H. BECKERS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kankakee county confirming the assessment for a local improvement consisting of the paving of certain streets of appellee. On June 3, 1912, the city council of appellee, the city of Kankakee, passed an ordinance providing for a system of local improvement by the grading, paving, curbing, etc., of Station street from East avenue west to the city limits, of Hickory street from West avenue to East avenue, and of West avenue from the south line of Court street to the north line of River street. The improvement on Station street, which extends east and west, is a little over five blocks in length, and that on West avenue, which extends north and south, is five blocks in length. The improvement on Hickory street extends across the right of way of appellant, the Illinois Central Railroad Company, a distance of two hundred feet. West avenue is parallel with and adjoins on the west the right of way of appellant. East avenue is also parallel with and adjoins on the east the same right of way. This right of way is two hundred feet in width. The intervening streets between Court and River, in their order from north to south, are Merchant, Station, Hickory and Bourbonnais. That part of the right of way of appellant lying between Court and River streets is used for the main tracks of appellant's railroad and for various switch and team tracks. It also composes the station grounds of appellant. Appellant's passenger depot is situated along the east line of its right of way adjoining East avenue and is directly in the line of Merchant street,

which extends both east and west from appellant's property but is not open across the right of way. The freight depot is situated immediately east of and adjoining West avenue and north of Station street. Extending north from the freight depot is a loading platform about four hundred feet in length. Aside from these buildings there are also on the right of way a restaurant or lunch room, various coal sheds and coal offices where dealers in coal conduct their business, water towers, tool sheds, and such buildings as are usually found on station grounds. The street level on West avenue does not coincide with the level of the right of way throughout the entire length of this improvement, in some places the street being lower than the right of way and in others higher.

The total amount of the assessment upon all the property assessed is $44,840, of which the sum of $13,309.30 is assessed against the right of way of appellant. Appellant filed various objections to this assessment, and upon the hearing of the legal objections the same were all overruled on the ground that they were not urged. Upon the hearing upon the question of benefits a jury was waived. Evidence was submitted by both appellant and appellee, and by agreement of the parties the court viewed the right of way of appellant involved in the proceedings and the *locus* of the proposed improvement.

Appellant on this appeal seeks to raise some of the matters which could have been urged in the county court on its legal objections. Under the state of the record those questions are not now open for our consideration. The bill of exceptions shows clearly that these objections were not urged by appellant and were thus waived and abandoned, and no error can be assigned on the *pro forma* action of the county court in overruling them. The only questions left for our determination are those raised by the other assignments of error, which are, whether the property of appellant is specially benefited by the construction of the

proposed improvement, and if so, whether it is benefited to the amount assessed thereon and whether it has been assessed more than its proportionate share.

It is objected that the whole of appellant's right of way between the south line of Court street and the north line of River street is assessed for benefits, whereas this improvement extends along the west side thereof, only, and could be of no benefit to that part of the right of way lying east of the road-bed and railroad tracks of appellant. Section 40 of the Local Improvement act provides that in any special assessment the property of railroad companies may be described in any manner sufficient to reasonably identify the property intended to be assessed. The right of way of a railroad company through a city is not subdivided into blocks and lots or into any other subdivisions. If on account of a local improvement it receives benefits throughout any specific portion of its length, it is sufficient, in making the assessment, to describe that section of the whole right of way to which the benefits accrue, though it may not, in fact, be benefited throughout its whole width, provided the benefits assessed do not exceed the benefits to the whole of the portion so assessed. (*Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 Ill. 398.) Even if such section is not deemed to be benefited throughout its whole width, it is no more necessary for the validity of the assessment to point out what particular portion is specially benefited than it would be to assess but a portion of a city lot where it was believed that the whole of a city lot was not benefited. The evidence on behalf of appellee tends to prove, however, that the whole of this section of the right of way is benefited by this improvement.

There was some testimony on behalf of appellee to the effect that the proposed improvement would result in benefits to the appellant by increasing its business, and other benefits were testified to, based upon the use this property

might be put to in the future, and it is insisted that this testimony does not afford sufficient ground to sustain the judgment. Where the land is restricted by law to a particular use, the true measure of benefits is the increased value for the special use to which it is by statute restricted. (*Illinois Central Railroad Co.* v. *City of Chicago,* 141 Ill. 509.) This judgment is, however, amply sustained by the testimony in the record that, considering the special use to which it is restricted, this property will be benefited in the amount assessed against it. These questions having been tried before the court without a jury, it will not be presumed that the judgment was based on the incompetent testimony. That this testimony was not considered is clearly shown by the fact that appellant submitted propositions of law, which the court held, to the effect that testimony of this character was incompetent and would not be sufficient to warrant a judgment of confirmation.

It is insisted, as a matter of law, that the property here involved will not be specially benefited in any amount by the proposed improvement, for the reason that, being railroad right of way and appellant being required by statute to make special use of it, its market value cannot be affected by this or any proposed improvements in adjacent streets. This question should have been raised by legal objections, but it is argued on both sides as though properly before us. In *Illinois Central Railroad Co.* v. *City of Kankakee,* 164 Ill. 608, this same section of appellant's right of way was assessed for the paving of East avenue from Court to Hickory street, and in answer to this same objection there made we said that it was settled by repeated decisions of this court that a railroad right of way relatively situated is assessable for special benefits arising from local street improvements. Whether this portion of the right of way which is used for station grounds and the other purposes above mentioned was benefited to the amount assessed, or whether it was assessed out of proportion to other prop-

erty specially benefited, were questions of fact for the court to determine under all the evidence. The report of the commissioners, under the statute, made a *prima facie* case for appellee. The evidence introduced by appellant to overcome the *prima facie* case, and· that offered by appellee in rebuttal, were conflicting. In view of the fact that the court, by consent of the parties, viewed the premises, the judgment should not be disturbed unless found to be palpably against the weight of the evidence. From a careful consideration of all the evidence we are unable to say that the court was wrong in holding that the property was benefited and that the assessment was fair and equitable.

Appellant contends that in this proceeding it is being assessed doubly for the same improvement. On the hearing it introduced in evidence a part of the record of a proceeding then pending in the county court for the construction of a brick pavement on said East avenue from the north line of Hickory street south to River street and thence east a distance of one block on River street. The determination of the extent of the proposed improvement rests in the discretion of the city council, and the courts will not interfere with the exercise of such discretion unless it clearly appears that it has been abused and exercised in an unreasonable manner. (*Gardner* v. *City of Chicago*, 224 Ill. 254.) It does not appear that there was any such abuse of discretion in this case. In fact, nothing was shown further than that it was proposed by another proceeding to improve other streets in such a manner that, had the city council so desired, that improvement might have been included in and made a part of this proceeding. Under the Local Improvement act an assessment for this improvement should be spread solely according to the benefits, and it is immaterial whether the property so assessed has been assessed, or is proposed to be assessed, for benefits because of other and similar local improvements. (*Village of Glencoe* v. *Uthe*, 253 Ill. 518.) Whether this property

will derive any further benefits by reason of the proposed improvement in East avenue and River street is a question that must be determined in that proceeding.

We find no error in this record and the judgment of the county court is affirmed.                *Judgment affirmed.*