(No. 10964.)

THE CITY OF HIGHWOOD, Appellee, *vs.* THE CHICAGO AND
NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1916.*

1. SPECIAL ASSESSMENTS—*as a rule a railroad right of way can
not be benefited by local improvement.* There may be unusual con-
ditions under which a railroad right of way can be said to be bene-
fited by a local improvement, but as a general rule it cannot be.

2. SAME—*paving a street parallel to right of way of a railroad
cannot benefit the right of way.* The paving of an avenue running
parallel to the right of way of a railroad and leading to the rail-
way station cannot benefit that part of the right of way not a part
of the station grounds and to which there is no access by the pub-
lic and which is used only for the running of trains.

3. SAME—*where property use is restricted to running of trains
there can be no assessment unless value is increased for that use.*
The limit of an assessment for benefits resulting from paving a
street is the enhanced value of the property, and where its use is
restricted to the running of trains there can be no assessment un-
less its value is increased for that use.

4. SAME—*whether station grounds of railroad are benefited by
paving street leading thereto should be submitted to jury.* Where
a street parallel to the right of way of a railroad is to be paved
up to the station grounds but not including them, thus improving
the means of access to the station grounds generally, it is proper
to submit to the jury whether that part of the property is benefited
and the extent of such benefit, if any.

5. SAME—*opinion as to benefits based solely on increased busi-
ness is improper.* Where an avenue leading to a railway station
is to be paved up to the station grounds, the extent and character
of the means of access are important in determining the value of
such property; but an opinion as to benefits must finally rest upon
increased value, which is the only basis for an assessment, and an
opinion based merely on supposed increased freight and passenger
traffic is improper.

APPEAL from the County Court of Lake county; the
Hon. PERRY L. PERSONS, Judge, presiding.

IRVING HERRIOTT, and C. A. VILAS, (EDWARD M. HY-
ZER, of counsel,) for appellant.

O. S. GOOCH, City Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Lake county overruled objections of the Chicago and Northwestern Railway Company to a special assessment levied by the city of Highwood upon the depot grounds and right of way of the company, extending south from Washington avenue to the city limits, to pay the cost of improving with an eighteen-foot Portland · cement roadway and curbs, Prairie avenue from the west city limits east to the right of way of the company, and from thence north in Railway avenue, adjoining such right of way, to an intersection with Highwood avenue. Thereafter there was a trial by jury on the question of benefits, resulting in a finding that the property of the company was benefited to the amount assessed and with a special finding that the portion of the right of way south of Highwood avenue was benefited. The assessment was thereupon confirmed, and this appeal was prosecuted.

The station grounds of the Chicago and Northwestern Railway Company extend north from Highwood avenue where it crosses the tracks. The station is on the east side of the tracks and there is no street adjoining the station grounds on the east, so that access to the station and platforms is from that avenue. At that place there are two main tracks, and on the west side of them there is a platform and west of the platform is Railway avenue, which is an ordinary dirt road, and the proposed concrete paving stops at Highwood avenue and is not to be extended north past the station grounds. The proposed concrete pavement is to be put in Prairie avenue from the west city limits, where the avenue connects with a country road, to Half Day, east along Prairie avenue to the right of way of the company and thence in Railway avenue north to Highwood avenue. The whole property of the appellant extending

from Washington avenue south to the city limits was assessed, and south of Highwood avenue the right of way is used solely for the passage of trains and is entirely disconnected from the station grounds. There are two main tracks on that part of the right of way and it is practically all enclosed with fences.

There may be unusual conditions under which a railroad right of way can be said to be benefited by a local improvement, but as a general rule it cannot be. (*Village of River Forest* v. *Chicago and Northwestern Railway Co.* 197 Ill. 344.) There are no such circumstances in this case, and there is no conceivable benefit to the right of way south of Highwood avenue, to which there is no access by the public. On the south side of the avenue, where it crosses the tracks, there is a flagman's shanty and a mail-catching device, but the public have nothing to do with either, and the improvement of the parallel avenue could not increase the value of the right of way in the slightest degree. The limit of an assessment for benefits resulting from paving a street is the enhanced value of the property, and where its use is restricted to the running of trains there can be no assessment unless its value is increased for that use. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11.) As there could be no possible enhancement of value of the right of way south of Highwood avenue by improving the parallel avenue for travel by the public, the court erred in overruling the objections so far as they pertained to that part of the right of way.

The station buildings are located near Highwood avenue, and a short distance north of the buildings there are side-tracks extending north to Washington avenue. Inasmuch as the improvement of Railway avenue will not extend to the station grounds or side-tracks there will be no direct benefit by improving the facilities for receiving and delivering freight or loading or unloading cars on the side-tracks, but the paving of Railway avenue as far north as

Highwood avenue will improve the means of access to the station grounds generally and may result in enhanced value of the property. That being so, it would have been proper to submit to the jury the question whether there was any such benefit to that part of the property assessed, and the extent of such benefit, if any. The jury returned a special finding that the right of way south of Highwood avenue would be benefited, and one witness said that most of the benefit would be to the right of way south of Highwood avenue, which he estimated would be two-thirds of the total benefit to all the property, while it is clear that the value of that property would not be enhanced at all.

One witness testified that the principal thing on which he based his opinion that the property would be benefited was that it would increase the freight and passenger business of the road, and the court denied a motion to exclude his opinion based upon that element. It was held in *City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589, that an opinion based only on increased business was improper. A railway station with no means of access by the public would be of no value for its intended use, and the extent and character of the means of access are important in determining the value of such property, but an opinion as to benefits must finally rest upon increased value, which is the only basis for an assessment. The court erred in overruling the motion to exclude an opinion based merely on supposed increased freight and passenger traffic.

The verdict included the alleged benefit to part of the right of way which could not have received any benefit and concerning which the question of benefits should not have been submitted to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*