(No. 12816.—Reversed and remanded.)

THE CITY OF JOHNSTON CITY, Appellee, *vs.* THE CHICAGO
AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed October 27, 1919.*

1. SPECIAL ASSESSMENTS—*when, only, can railroad right of way
be assessed for paving street.* As the limit of a special assessment
for benefits resulting from paving a street is the enhanced value of
the property assessed, if the use of railroad property is restricted
to the running of trains there can be no assessment unless the value
is increased for that use.

2. SAME—*property devoted to restricted use must be benefited
for that use.* Where property is restricted by statute or grant to a
particular use and is at the time of the improvement devoted to
such use, the true measure of the benefit which the improvement
will confer is the increased value for the restricted use, in the ab-
sence of proof reasonably tending to show that the property, under
present conditions, is about to be devoted to other uses.

3. SAME—*increase in freight traffic cannot be considered in as-
sessing benefits to right of way of railroad.* An increase in freight
traffic and the general business of a railroad company cannot be
considered in assessing benefits to its right of way from the pav-
ing of a street.

4. SAME—*property assessed need not abut upon the improve-
ment.* In assessing property for the paving of a street it is not
necessary that the property assessed shall abut upon the improve-
ment; nor is a special assessment made upon the number of square
feet in the property or upon the feet of frontage, but it is made upon
a basis of benefits.

APPEAL from the County Court of Williamson county;
the Hon. W. F. SLATER, Judge, presiding.

H. T. DICK, and E. M. SPILLER, for appellant.

HOSEA V. FERRELL, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This appeal is prosecuted to review a judgment of the
county court of Williamson county overruling objections of
the Chicago and Eastern Illinois Railroad Company to a

special assessment levied by the city of Johnston City upon the depot grounds and a portion of the right of way of the company to pay the cost of paving Broadway, a public street crossing the property of appellant at right angles, in the center of the business district of Johnston City, Illinois.

About 1894 the Chicago, Paducah and Memphis Railroad Company acquired a right of way 90 feet in width, and constructed thereon a railroad passing north and south through the territory that has since become Johnston City. Along the west side of its right of way, at a point 116 feet south of what is now Broadway in Johnston City, the company located its station. Shortly after this there was laid out on the east side of the right of way the original survey of Johnston City. The principal street then established in Johnston City was Broadway, running east and west through the city. It was laid out 60 feet in width and on each side blocks were divided into lots. Along the east side of appellant's right of way were fractional blocks, called "out-lots 1, 2, 3 and 4." Out-lot 1 is the farthest north and is separated from out-lot 2 by Lake View alley. Out-lot 2 is immediately north of Broadway and out-lot 3 immediately south of Broadway. Further south is out-lot 4, separated from out-lot 3 by Sunflower alley. Extending along the east line of these four out-lots, and parallel with the right of way, is Main street of Johnston City, being 60 feet wide. February 20, 1897, appellant purchased this right of way from the Chicago, Paducah and Memphis Railroad Company, and August 4, 1897, it purchased from the owners out-lots 1, 2, 3 and 4. Shortly thereafter it built its present depot, which is located on out-lot 4. In 1901 another addition was added to Johnston City, and lots and blocks were laid out on the west side of the right of way. Broadway was extended 60 feet wide across the appellant's right of way. Along the west line of appellant's right of way is Water street. For a block north of Broadway and half a block south of Broadway the west 20 feet of the

original right of way is now the east 20 feet of Water street. At Sunflower alley Water street jogs west and appellant's right of way at this point is made 70 feet wider. Appellant's right of way north of Broadway is now 111 feet wide,—67 feet from the center of the track to the west line of Main street and 44 feet from the center of the track to the east line of Water street. There are no buildings on that part of the right of way in the block north of Broadway. South of Broadway the right of way is the same width for half a block and then 70 feet are added on the west at a point opposite the station located on out-lot 4. In this space west of the main line is an industrial siding and also some coal sheds and grain houses. These sheds and houses are on Water street, in the widened portion of appellant's right of way, and the north building is 116 feet south of the south line of Broadway. The sheds and houses are owned by private concerns, to whom the land is leased by appellant. Out-lot 3 is vacant and is used only by teamsters, transfer men and patrons of appellant.

The assessment roll was filed March 20, 1918, and the property of appellant was described as follows: "All that portion of the right of way, way lands and depot grounds of the Chicago and Eastern Illinois Railroad Company that is located and situated in the city of Johnston City, Illinois, and that lies between the westerly prolongation of the south line of Grant street and the westerly prolongation of the south line of Lincoln street, in said city of Johnston City, Illinois." Said property was assessed $1832.14. April 6, 1918, the appellant filed objections as follows:

1. "Your objector objects to the confirmation of said assessment by this honorable court as to all of the property belonging to the objector included in said assessment lying north of Broadway street, in the said city of Johnston City, Illinois, because said property is used exclusively for the running of trains by this objector and for no other uses or purposes, and is therefore not benefited by said pro-

posed pavement along said Broadway avenue or street, and therefore any assessment against it would be null and void.

2. "This objector objects to the confirmation of said assessment covering that part of its property lying on the west side of its main track, in the said city of Johnston City, Illinois, south of said Broadway avenue or street, for the reason that said property is used by the objector exclusively for the running of trains and for no other purposes, and is therefore not benefited by said proposed pavement along and over said Broadway street or avenue, and any assessment against it would therefore be null and void.

3. "This objector objects to the confirmation of said assessment because the same is unfair and unjust and discriminatory against this objector and its property and not equitably assessed with the property of other individuals lying adjacent to the said Broadway avenue in this: That said proposed assessment includes all of the property of this objector lying between Broadway and Grant street, in said city of Johnston City, on the north side of said Broadway avenue or street, and all of this objector's property between Broadway and Lincoln street on the south side of Broadway avenue or street, in the said city of Johnston City, whereas said assessment only assesses the property of other property owners fronting on Broadway back to the first alley to the north of Broadway street and the first alley south of Broadway street, and said assessment is therefore unjust, inequitable and discriminatory against the property and the rights of this objector.

4. "This objector objects to the confirmation of said assessment against its property herein described for the reasons herein stated, and respectfully asks that said assessment roll as to this objector's property be not confirmed or allowed by this honorable court, the said assessment proposed to be assessed against your objector being the sum of $1832.14, as shown by the assessment roll filed herein."

There are unusual conditions under which a railroad right of way can be said to be benefited by a local improvement, but as a general rule it cannot be. (*City of Highwood* v. *Chicago and Northwestern Railway Co.* 276 Ill. 98.) The limit of an assessment for benefits resulting from paving a street is the enhanced value of the property, and where its use is restricted to the running of trains there can be no assessment unless the value is increased for that use. (*City of Chicago* v. *Chicago and Northwestern Railway Co.* 278 Ill. 86.) Where the property is restricted by statute or grant to a particular use and cannot be legally applied to any other use and is at the time of the improvement devoted to such particular use, the true measure of the benefit which the improvement will confer is the increased value for the restricted use, in the absence of proof reasonably tending to show that the property in question, having regard to present conditions and the existing business and wants of the public, is about to be devoted to other uses. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11.) In this State, however, it is a settled rule that the property of a railroad corporation, even though used for railroad purposes, if benefited, may be assessed for a local improvement. (*City of Kankakee* v. *Illinois Central Railroad Co.* 257 Ill. 298.) But an increase in freight traffic and the general business of appellant cannot be considered in assessing benefits to its right of way. *City of Kankakee* v. *Illinois Central Railroad Co.* 264 Ill. 69.

On the hearing on the objections filed, appellee introduced evidence showing the increased value of out-lots 1, 2 and 3 as commercial propositions. There is nothing in the record to justify the claim that the railroad company is holding these lots for purely commercial purposes. The right of way on either side of Broadway, including out-lots 1, 2 and 3, is only 111 feet wide, which is certainly none too wide for railroad purposes within a city. Such evidence clearly had nothing to do with determining the legal

question as to whether or not this tract of land was at all subject to special assessment, and the court erred in admitting it.

At the time appellee sought to subject appellant's property north of Broadway to this assessment, and for a long time prior thereto, that part of its right of way had been used exclusively in the operation of its train service and for no other purpose. There is nothing showing that this property will ever be used for any other purpose than the operation of trains, and it is not disclosed how it can be made more valuable for that purpose by this improvement. Therefore it is inconceivable how this contemplated improvement will benefit that particular portion of appellant's right of way, and the court erred in overruling appellant's objection No. 1.

A part of the property south of Broadway and west of appellant's main line was leased by appellant to certain private individuals and will probably be benefited some by the improvement of Broadway. The benefit will necessarily be considerably lessened by the fact that this leased property is 116 feet off Broadway. That part of the right of way south of Broadway and east of the main line,—out-lots 3 and 4,—must all be considered station grounds. No other use has ever been made of out-lot 3, which lies between the station and Broadway, except as a means of access to the station proper and to appellant's right of way by teamster's and other patrons of appellant. This property will necessarily be benefited by the improvement. Appellant's objection No. 2 was therefore properly overruled.

There was no error in overruling appellant's objection No. 3, because it is not necessary that the property assessed should abut upon the improvement, nor is a special assessment made upon the number of square feet in the property or upon the feet of frontage, but it is made upon a basis of benefits. *City of East St. Louis* v. *Vogel,* 276 Ill. 490.

For the errors hereinbefore pointed out it will be necessary to reverse the judgment. The judgment of the county court of Williamson county is therefore reversed and the cause remanded to that court, with directions to hear evidence in accordance with the views herein expressed, to determine the benefits accruing to that portion of appellant's right of way in the block south of Broadway.

*Reversed and remanded, with directions.*