CITY OF BARRE *v.* BARRE & CHELSEA RAILROAD COMPANY.

October Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 6, 1924.

*Review in Supreme Court of Case Submitted on Agreed State-
ment of Facts—Municipal Corporations—Taxation—Burden
to Establish Validity of Tax Is on Taxing Power—Assess-
ments on Railroad Right of Way, Without Regard to Bene-
fits Unauthorized—Basis of Right to Tax for Special Assess-
ments—General Rule as to Railroad Property—When Ques-
tion of Benefit to Railroad Property A Matter of Law—
Character of Benefit Necessary to Support Assessment—
Rule Respecting Railroad Right of Way.*

1.  When a case comes up for review in the Supreme Court on an agreed statement of facts, its determination must be based on the facts thus appearing, and no inferences therefrom may be taken by the Supreme Court in support of the judgment.
2.  In an action to collect a special tax assessment, the burden is on the taxing power to establish the validity of the tax.
3.  Where the charter of a city (Acts of 1912, No. 290, §§ 10, 13) pro- vided that when street improvements were made not to exceed one-half the total cost thereof should be assessed according to frontage upon all the lands and buildings fronting upon or adjacent to such street, "according to the special benefits to such lands or buildings," an assessment for such improve- ments, made against a railroad company on the theory that the railroad right of way on both sides of the street was land fronting upon or adjacent to the highway, and laid on the

same basis as the assessments were made against all abutting land owners, rather than on the basis of actual benefit conferred upon the defendant's right of way for railroad purposes, was without authority.

4. Special assessments for street improvements made against the owners of land "fronting upon or adjacent to" the improved street are a form of taxation, and the only legal basis therefor is the special benefit conferred by the improvements, that is, such benefits as the land owner receives therefrom in excess of the benefits enjoyed by the general public.

5. Generally, railroad property other than the roadbed or right of way is held liable for special assessments wherever it has been benefited by the local improvement.

6. While ordinarily the question whether the particular land sought to be assessed is specially benefited is a question of fact, when such land is used solely as a railroad right of way, the question is one of law in the absence of special circumstances.

7. To justify an assessment for local improvements against land used solely as a railroad right of way, the benefit must be direct, immediate, appreciable, and certain, and not contingent, remote, or uncertain.

8. In ascertaining whether a railroad right of way is benefited by a street improvement, since the law has devoted the right of way permanently to a particular use, the rule is that it can only be benefited to the extent that its fitness for such use is increased, and the true measure of benefits is the increased value for such special use.

9. A special assessment on a railroad right of way for street improvements *held* unauthorized, because such improvements did not increase the value of the right of way for railroad purposes.

ACTION OF CONTRACT to recover the amount of an assessment on account of certain street improvements. Plea, the general issue. Trial by court on an agreed statement of facts at the March Term, 1923, Washington County, *Wilson,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed, and judgment for the defendant, with costs.*

*H. C. Shurtleff* for the defendant.

The special benefits that afford the only legal basis for special assessments upon abutting land for public improvements are those received from the improvements in excess of the benefits resulting to the general public. *Corliss* v. *Richford,* 85 Vt. 85; *Barnes* v. *Dyer,* 56 Vt. 469; *Allen* v. *Drew,* 44 Vt. 175.

To render an assessment for benefits legal, it must appear that the benefit is direct and immediate, not contingent and remote. *City of Hartford* v. *West Middle District,* 45 Conn. 462; *State* v. *City of Elizabeth,* 37 N. J. Law, 330.

A railroad right of way is a species of property which the law presumes incapable of benefit by the paving of a street crossing it or on which it abuts. *N. Y. N. H. & H. R. R. Co.* v. *New Haven,* 42 Conn. 279; *City of Bridgeport* v. *N. Y. N. H. & H. R. R. Co.,* 36 Conn. 255; *C. R. I. & P. Ry. Co.* v. *Otumwa,* 112 Iowa, 300; *Allegany City* v. *West Penn. R. R. Co.,* 138 Pa. St. 375; *Mt. Pleasant Bor.* v. *B. & C. R. R. Co.,* 138 Pa. St. 365; *Erie R. R. Co.* v. *Paterson,* 72 N. J. Law, 85, 59 Atl. 1031; *Lehigh Valley R. R.* v. *Jersey City,* 81 N. J. Law, 290, 80 Atl. 228; *Naugatuck R. R. Co.* v. *Waterbury,* 78 Conn. 197; *Old Colony & Fall River R. R. Co.* v. *Plymouth,* 14 Gray 155; *Boston & Maine R. R.* v. *Middlesex,* 1 Allen 324.

*Edward C. Dufficy* for the plaintiff.

In determining whether or not an improvement benefits property within the assessment district, the land should be considered simply in its general relation to other property and apart from its particular use at the time of the assessment. *Louisville & Nashville Railroad Company* v. *Barber Asphalt Co.,* 197 U. S. 430, 25 R. C. L., pp. 118, 119, and cases cited.

BUTLER, J.   The plaintiff seeks to recover the amount of an assessment against the defendant on account of certain street improvements. The case was heard on an agreed statement of facts, and to the judgment for the plaintiff the defendant excepts.   Acting under authority of its charter, the city drained, paved, graded, curbed, and guttered the street in question, and assessed the abutting land owners proportionately, according to the frontage of their land on the street for a portion of the expense. The land on account of which the defendant was assessed

is its right of way twenty feet wide, used solely for railroad purposes, and, aside from a flagman's shanty, contains nothing but its main line track. The right of way crosses the street diagonally at grade, and the assessment was made on the portions thereof, approaching and leaving either side of the street—as for a frontage of 63 feet on the easterly side and 77.2 feet on the westerly side.

[1, 2] On the hearing below the plaintiff claimed the right to assess the right of way for betterments, which the defendant denied. The parties stipulated that this question was to be determined on its merits, and that all other questions were waived. It follows that review is confined to the question thus presented. As the case comes up on an agreed statement of facts, its determination must be based on the facts thus appearing. No inferences could be drawn therefrom by the court below and so none can be indulged here in support of the judgment. *Chittenden County Trust Co.* v. *Hurd,* 93 Vt. 71, 106 Atl. 564; *Mathie* v. *Hancock,* 78 Vt. 414, 63 Atl. 143. And the burden is on the taxing power to establish the validity of the tax.

[3] In support of the assessment the plaintiff relies upon authority conferred by its charter. It is therein provided that when any street in the city is drained, graded, paved, or macadamized, curbed and guttered, or any of such improvements are made pursuant to charter provisions, the street commissioners shall assess according to frontage not to exceed one-half of the total cost and expense thereof upon all the lands and buildings fronting upon or adjacent to such street, "according to the special benefits to such lands or buildings." Acts of 1912, No. 290, § 10, amending section 13 of No. 256, Acts 1906.

The assessments in question are made on the theory that the railroad right of way on both sides of the street is land fronting upon or adjacent to the highway.

It is agreed that the sums assessed bear the same proportion to the total cost, less certain amount not here material, that the total amount assessed to all abutting land owners bears to the total land frontage, and the case shows that the assessment is laid on the same basis as the assessments are made against all abutting land owners, rather than the basis of actual benefit conferred upon the defendant's right of way for railroad purposes. There is neither authority nor reason for such an assessment.

[4]   But considering the stipulated claims as relied upon, we may assume, without deciding, that the strip of land used as such right of way is land "fronting upon or adjacent to" the improved street, and to that extent within the provisions of plaintiff's charter; such assessments are a form of taxation. *Durkee* v. *City of Barre,* 81 Vt. 530, 71 Atl. 819, and, apart from the provisions of the charter, the only legal basis therefor is the special benefit conferred by the improvements—such benefits as the land owner receives therefrom in excess of the benefits enjoyed by the general public. *Corliss* v. *Village of Richford,* 85 Vt. 85, 81 Atl. 234; *Barnes* v. *Dyer,* 56 Vt. 469; *Allen* v. *Drew,* 44 Vt. 175.

[5]   Such is the test of liability for special assessments generally. Property belonging to a railroad company is controlled substantially by the rules governing other cases for local improvements. Railroad property other than the roadbed or right of way has generally been held liable for such assessment wherever it has been benefited by the local improvement, but the courts are not in harmony as to whether the roadbed or right of. way may properly be assessed. 25 R. C. L. 117.

[6]   Ordinarily the question whether the particular land sought to be assessed is specially benefited would be a question of fact; but when such land is used solely as a railroad right of way the question is one of law in the absence of special circumstances. Such land is used permanently by the railroad company in its operation. As a practical matter it may not be severed from other property and sold. In short, it is a species of highway devoted to public travel. *In re City of New York,* 233 N. Y. 387, 135 N. E. 825, and must be regarded as permanently devoted to the public use. *Erie R. R. Co.* v. *City of Paterson,* 72 N. J. Law, 83, 59 Atl. 1031.

[7]   In case of land devoted to such use to justify an assessment for local improvements, the benefit must be direct, immediate, appreciable, and certain, and not contingent, remote, or uncertain. *Naugatuck R. R. Co.* v. *City of Waterbury,* 78 Conn. 193, 61 Atl. 474; *Illinois Cent. R. R. Co.* v. *City of Chicago,* 141 Ill. 509, 30 N. E. 1036. In other words, the benefit must be real—actual—not one that is merely speculative or resting in conjecture. *Village or River Forrest* v. *Chicago & N. W. R. R. Co.,* 197 Ill. 344, 64 N. E. 364.

[8, 9]    Likewise, in case of land permanently devoted to railroad purposes the rule for ascertaining whether the land is benefited by the improvement is not the same as when land is so held that the owner may change the use at pleasure.    Then, the benefits are not to be determined alone by the increased value of the property for its present use, but its probable future use may be considered.    But when, as in the case at bar, the law has devoted the property permanently to a particular use, the rule is that it can only be benefited to the extent that its fitness for such use is increased.    *Illinois Cent. R. R. Co.* v. *City of Chicago, supra.*    The true measure of benefits is the increased value for the special use to which it is by law restricted.    The principle deducible from the cases is that, while there may be unusual conditions under which a railroad right of way can be benefited by local improvements, as a general rule it is apparent as matter of law that it cannot be.    *Kankakee* v. *Illinois Cent. R. R. Co.,* 257 Ill. 298, 100 N. E. 996; *New York Bay R. R. Co.* v. *City of Newark,* 77 N. J. Law, 270, 72 Atl. 455; *Lehigh Valley R. R. Co.* v. *Jersey City,* 81 N. J. Law, 290, 80 Atl. 228; *New York Bay R. R. Co.* v. *City of Newark,* 82 N. J. Law, 591, 83 Atl. 962; *City of Chicago* v. *Chicago & N. W. Ry. Co.,* 278 Ill. 86, 115 N. E. 836; *City of Highwood* v. *Chicago & N. W. Ry. Co.,* 276 Ill. 98, 114 N. E. 585; *Johnson City* v. *Chicago & E. I. R. R. Co.,* 289 Ill. 407, 124 N. E. 568; *City of Boston* v. *Boston & A. R. R. Co.,* 170 Mass. 95, 49 N. E. 95; *Detroit, etc., R. R. Co.* v. *Grand Rapids,* 106 Mich. 13, 63 N. W. 1007, 28 L. R. A. 793, 58 A. S. R. 466; *Chicago, etc., R. R. Co.* v. *Milwaukee,* 89 Wis. 506, 62 N. W. 417, 28 L. R. A. 249; *Mt. Pleasant* v. *Baltimore & Ohio R. R. Co.,* 138 Pa. 365, 20 Atl. 1052, 11 L. R. A. 520; *City of Alleghany* v. *Western Penn. R. R. Co.,* 138 Pa. 375, 21 Atl. 763; *In re City of New York, supra.*    Other cases bearing on the question are collected in 25 R. C. L. 117-120; notes Ann. Cas. 1916E, 579; 28 L. R. A. (N. S.) 112; 40 L. R. A. (N. S.) 935.

The sound reason upon which this rule rests says Mr. Justice Garrison in *New York Bay R. R. Co.* v. *City of Newark,* 82 N. J. Law, 591, 83 Atl. 962, is that land acquired under the legislative sanction that implies its permanent devotion to a public use cannot without a violation of public use have a market for any other purpose, and hence, such violation will not be presumed; such land has in legal contemplation no market value, to be enhanced.

Applying the foregoing rules to the case at hand it must be held that the assessment was without legal sanction. It does not appear from the agreed statement of facts that the improvements in any way increased the value of the defendant's right of way for railroad purposes or that the assessment was laid on that basis.

*Judgment reversed, and judgment for defendant, with costs.*