## THE VILLAGE OF RIVER FOREST

*v.*

## THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Opinion filed June 19, 1902.*

1. SPECIAL ASSESSMENTS—*railroad right of way not ordinarily benefited by improvement of street.* While land occupied solely as railroad right of way might, under some circumstances, be benefited by the improvement of an adjacent street, yet as a rule it cannot be.

2. SAME—*when railroad right of way cannot be said to be benefited.* Land devoted to right of way purposes only, and unconnected with depot grounds, should not be assessed for the improvement of an adjacent street upon the testimony of a witness that he believes the property will be benefited to the amount assessed in the roll, where it appears his testimony is based upon the mere conjecture that the land will be needed in the future for depot or freight house purposes, and not upon its present use.

MAGRUDER, C. J., dissenting.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. J. GRIFFIN, for appellant.

A. W. PULVER, (LLOYD W. BOWERS, and SAMUEL A. LYNDE, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant prosecutes this appeal from a judgment of the county court of Cook county sustaining objections to a special assessment made by the village of River Forest on certain property of the appellee railway company for the improvement of Thatcher and Hawthorne avenues, in said village. The land was assessed $389.40. On the application of the village for a confirmation of the assessment appellee appeared and filed numerous objections, all of which were overruled except two, as follows:

65. "Said assessment upon the property of said objector exceeds the benefits which will accrue to the said property from the proposed improvement."

84. "Said property is not benefited by said proposed improvement."

Hawthorne avenue extends east and west through the village and is immediately south of appellee's railroad tracks. Thatcher avenue extends from the north across the right of way and tracks of the railroad company to Hawthorne, and then runs south from a point further west, on said Hawthorne avenue. The property assessed is adjacent to and west of Thatcher avenue and immediately north of Hawthorne. It is one hundred feet wide north and south, and about one hundred and eighty-five feet long east and west. It is enclosed as right of way by a fence. The depot is east of Thatcher avenue, on the north side of the railroad tracks. The platforms are five hundred feet long on the north side and about three hundred feet long on the south side, both being east of Thatcher avenue.

James S. Robinson, a civil engineer employed by the railroad company, testified that the property in question was used simply as right of way for the two tracks of the company and had no connection whatever with the depot or depot grounds, and he described the location as above stated. He testified that there were no railroad structures on the property and that it was devoted to no

other use than that of right of way, and that the property would in no way be benefited by the proposed improvement of Hawthorne and Thatcher avenues.  The village relied upon the assessment roll, with the certificate and affidavit of the commissioner who made the assessment, and the testimony of one F. C. Smith.  Smith testified in chief: "I reside at River Forest.  I am in the real estate business, and have been for twenty years.  I am acquainted with the value of real estate in River Forest in the vicinity of Hawthorne and Thatcher avenues.  I have bought and sold considerable real estate, and have observed the effect of local improvements, such as contemplated, upon the value of real estate,—the general effect upon values.  It makes it more valuable.  You have to pay more for property on improved streets, always.  I am acquainted with the property of the objector, assessed $389.40.  In my opinion that property is increased in value to the amount of the assessment."  From his cross-examination it appears that his opinion as to the benefits which the property will derive from the improvement is based upon the supposition or conjecture that'it will be in the future needed for depot or freight house purposes,—not upon its present condition and uses.

In *Illinois Central Railroad Co.* v. *City of Chicago*, 141 Ill. 509, speaking of a special assessment, we said (p. 515): "In a proceeding to condemn lands, as a general.rule, the owner is entitled to recover the fair market value of the lands taken; and in a proceeding by special assessment, as a general rule, the inquiry is to what extent the market value of the premises has been increased by the improvement.  If, therefore, in the former case, where the owner is restricted to a particular use, the measure of compensation will be its value for the special use to which he is restricted, upon the same principle it must follow, in a special assessment proceeding, where land is restricted by statute to a particular use and cannot be applied to any other, the true measure of benefit which

an improvement will confer on the land is its increased value for the special use to which it may by statute be restricted. In a proceeding by special assessment, in no case can the assessment exceed the benefit which will be conferred on the property by the construction of the improvement. The benefit must be a real, actual benefit—not one resting in conjecture."

In *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago*, 149 Ill. 457, in a condemnation proceeding, we again said (p. 462): "In such a proceeding as this, 'nothing should be allowed for imaginary or speculative damages, or such remote or inappreciable damages as the imagination may conjure up and which may or may not occur in the future.' (*Jones* v. *Chicago and Iowa Railroad Co.* 68 Ill. 380; *Peoria and Pekin Union Railway Co.* v. *Peoria and Farmington Railroad Co.* 105 id. 110.) Possible or imaginary uses are to be excluded. Nor can the owner show the probable future use of the property.—Pierce on Railroads, 217; Lewis on Eminent Domain, sec. 480." See, also, *Chicago and Northwestern Railway Co.* v. *Town of Cicero*, 157 Ill. 48; *Illinois Central Railroad Co.* v. *Village of Lostant*, 167 id. 85.

In *Illinois Central Railroad Co.* v. *City of Chicago*, 169 Ill. 329, we said (p. 338): "The present and not the probable future use of the land, or the intention of the owner as to such use, is the test of market value to be shown by the evidence."

The question, then, here must be, in the absence of proof tending to show that the property in question is devoted to other than right of way purposes or is about to be so devoted, will it, for the purposes of right of way for the two tracks of appellee, be benefited by the improvement of the street upon which it borders? It must be borne in mind that railroad right of way cannot be put upon the market by a railroad company for general business purposes, as can private property. Circumstances may arise under which railroad right of way

can be said to be benefited by a local improvement, but as a general rule it cannot be. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *City of Milwaukee*, 89 Wis. 576, and cases cited.) Here, however, the question whether or not this right of way will be benefited is purely one of fact, and unless we can say that the conclusion of the trial court (sitting as a jury) is so manifestly contrary to the weight of the evidence as to indicate a mistaken or prejudiced view of the testimony, we cannot interfere. So far from the weight of the evidence being against his judgment, it clearly preponderates in favor of it, when considered in the light of the foregoing rule for estimating benefits. It is true that the assessment roll, together with the certificate and affidavit of the commissioner, makes a *prima facie* case for the petitioner; but the present statute contains the peculiar qualification that "it shall not be counted as the testimony of any witness or witnesses in the case." (Hurd's Stat. 1901, chap. 24, par. 55.) The statute, notwithstanding that provision, we think, casts the burden upon the objector to overcome the *prima facie* case so made; but here, in view of the undisputed testimony of the objector's witness as to the present and future use of the property in question, his testimony is reasonable, while that of the witness Smith has no proper application to the case.

Cases cited by counsel for the appellant holding that depot grounds may be assessed for street improvements have no application to the facts in this case; also, cases to the effect that lands near a depot, used for the purpose of loading and unloading cars, (as·*Chicago and Northwestern Railway Co.* v. *Village of Elmhurst*, 165 Ill. 148,) may be specially taxed, are not here in point. Nor can the decisions of this court holding that a railway contiguous to a proposed street improvement may be specially taxed therefor have any controlling influence in the decision of this case, for the reason that at the time those decisions were rendered the question of benefits in special

taxation was conclusively determined by the passage of the ordinance for the improvement by the municipality.

It is said by counsel for appellant that the court overruled certain objections, by which it, in effect, held that the property was liable to assessment and properly assessed, the argument being, that the rulings of the court in that regard were inconsistent with its final judgment sustaining the first named objections. For the purposes of this decision it is sufficient to say that the only ruling of the court here assigned for error is sustaining the two objections above set out, and in that, we think, there was no reversible error.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE MAGRUDER, dissenting.