THE VILLAGE OF OAK PARK, Appellant, *vs.* C. F. SWIGART
*et al.* Appellees.

*Opinion filed April 23, 1914.*

1. SPECIAL ASSESSMENTS—*necessity for improvement is a question largely in discretion of municipal corporation.* The question of the necessity for a local improvement is committed by law to the city council or board of trustees, and the courts will not interfere with the determination of such bodies unless there is a clear abuse of discretion.

2. SAME—*when a paving ordinance cannot be said to be unreasonable.* An ordinance for the paving of parallel streets, and intersecting streets between, will not be held unreasonable because many property owners are opposed to the improvement, which will necessitate the removal of several ornamental and shade trees, where it is shown that the streets have never been paved and that there are many wooden houses on such streets, which in wet weather are practically without fire protection because of the difficulty of getting fire engines through the mud.

3. SAME—*when fact that majority of property owners are opposed to improvement does not defeat it.* Where a municipal corporation does not come within the provisions of section 8 of the Local Improvement act, the fact that a majority of the property owners are opposed to the improvement does not justify the court in declining to proceed with the improvement.

4. SAME—*improvement board is not required to do more than mail the notices.* If the board of local improvements mails the notices of public hearing to the persons who made the last payment of taxes on the property it is not required to do more in that regard, and the fact that some property owners did not receive the notices mailed is not ground for dismissing the petition.

5. SAME—*when a team track of a railway will not be specially benefited.* Where a team track of a railway company adjoins a paved street which connects with cross-streets also paved, the fact that there are several vacant lots on other streets and that it will facilitate the delivery of building material unloaded on the team track for use in building houses on such lots if the streets upon which they are located are paved, does not constitute a special benefit to the property of the company but is one which would be enjoyed by the public at large.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

FREDERICK W. PRINGLE, (PRINGLE & FEARING, of counsel,) for appellant.

WILLIAM T. HAPEMAN, for appellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

The village of Oak Park filed a petition in the county court of Cook county to levy a special assessment for a local improvement. Certain property owners filed numerous legal objections, and upon the hearing certain of the objections were sustained and the petition was dismissed. The village has appealed from that order.

The improvement provided for by the ordinance, a copy of which was attached to the petition, was for the paving of certain streets therein named with an asphaltic concrete pavement. At the hearing counsel for the objectors stated the objections upon which they expected to rely. Some of those stated have not been urged here. The objections urged here may be treated under the following three heads: (1) The ordinance providing for the proposed improvement is unreasonable; (2) the property owners were deprived of a full and fair hearing at the public hearing; and (3) property which should have been included in the assessment roll and assessed was omitted.

The ordinance provided for paving Euclid and Wesley avenues, two north and south streets, from the north line of Twelfth street to the south line of Harrison place, (or Harrison street, as it was sometimes referred to by the witnesses,) and for the paving of the intervening east and west streets. These were all dirt streets and had never been paved or similarly improved. The only proof made by the objectors which tended to support the objection that the ordinance providing for the proposed improvement was unreasonable was, that the inhabitants of the village had located there because they desired to be in the country and

preferred to have a dirt road, and if the improvement was made it would necessitate the removal of several ornamental and shade trees. On the other hand, it was shown on the part of appellant that there were from four to twelve houses in each block fronting on Euclid and Wesley avenues along the line of the proposed improvement, all of wooden construction; that at certain times of the year, when wet weather prevailed, the streets became so muddy that they were almost impassable and it was practically impossible to travel over them with a fire engine, and by reason of this situation the houses along the line of the proposed improvement were at certain times of the year deprived of fire protection. We have often been called upon to determine the circumstances under which such an ordinance can be said to be unreasonable. In discussing this question in *City of Belleville* v. *Pfingsten,* 225 Ill. 293, we said: "The necessity of a local improvement is by law committed to the city council, and courts cannot interfere to prevent such improvement except in cases where it clearly appears that the discretion of the local legislative branch of the government has been abused. This court has held many times that the only ground upon which the court can interfere is that the ordinance is so unreasonable and oppressive as to render it void. * * * Whether an ordinance is unreasonable, arbitrary and oppressive, and hence void, has been discussed by this court and passed upon, in view of the special facts presented in each instance, in the following among other cases,"—citing a number of cases. We further pointed out in that opinion that but three cases had been called to our attention where we had found local improvement ordinances void because arbitrary and oppressive. Those were all cases where the proposed improvements were intended to displace other improvements of the same character recently made, and it was held that the proposed improvements were not necessary and the ordinances providing for them were therefore unreasonable. No such question arises in this case.

The streets proposed to be paved under this ordinance have never been improved. The question is one wholly as to the necessity of the improvement, which, as we have pointed out, is by law committed to the trustees of the village, whose determination will not be interfered with by the courts unless it clearly appears that the discretion vested in them has been abused. It does not appear that there has been any abuse of discretion on the part of the village board in this case.

It is contended by counsel for appellees that a majority of the property owners interested were opposed to the improvement. The trial court took the view that a majority of such owners were opposed to the improvement and that that fact had a bearing upon the question of the reasonableness of the ordinance. It is not contended that the village of Oak Park comes within that part of section 8 of the Local Improvement act which provides that in cities of a certain population the owners of a majority of the frontage on the line of the proposed improvement may, by filing a remonstrance petition with the board of local improvements, stay all proceedings for a period of one year. The court took the view that, notwithstanding this section of the statute did not apply to appellant, the arbitrary opposition of the property owners had a bearing upon the question of the reasonableness of the ordinance and attached considerable importance to that fact. A number of property owners opposing the improvement testified, and the only reasons given by them for their opposition to the improvement, in addition to those already noted, were, that the cost of the improvement was too high and that they did not want the pavement. It usually occurs that the property owners affected by local improvements are not unanimous as to whether the improvement should be made. Whether the desires of a majority of the property owners in this respect should be followed is a question for the city council or board of trustees to determine. As we said in *Walker* v.

*Village of Morgan Park,* 175 Ill. 570, in discussing a similar question: "That was a matter for the board of trustees to settle for themselves, and when they provide for improvements not needed or demanded by the majority of the people of the municipality, the remedy is an appeal to the ballot-box and the election of men who will heed the wants and necessities of a majority of the people." Whether a majority of the property owners were opposed to the improvement does not clearly appear from this record, but it is immaterial whether they were or not. The ordinance is not void for unreasonableness.

The objection as to the manner in which the public hearing was conducted is without foundation. The only basis for this objection is the contention that the chairman of the board of local improvements stated at the hearing either "we can" or "we will" pass the ordinance although ninety-five per cent of the property owners may be opposed to it. There is some dispute as to whether this statement was made during the public hearing or at another time, but whether it was made at the public hearing and whether it was made to the effect that the council *would* pass the ordinance although ninety-five per cent of the property owners were opposed to it is immaterial, as the board of local improvements was not bound to conform to the desires of those who might content themselves with merely stating, arbitrarily, that they were opposed to the improvement, although they should constitute a majority of the property owners. The statement attributed to the chairman cannot be construed to mean that the board would not consider any valid reasons advanced as to why the improvement should not be made. So far as this record discloses, everybody who attended the public hearing was given a fair and ample opportunity to be heard and present his objections.

In this connection it is claimed that the order dismissing the petition was proper because five abutting lot owners did not receive any notice of the public hearing. It is not con-

tended that notices were not mailed as required by the statute. The statute does not require the board of local improvements to do more than to mail notices of the public hearing to the persons who made the last payment of taxes on the property abutting the improvement. If any of the property owners actually failed to receive notices it was not the fault of appellant, as it had complied with the statute in that regard.

The property claimed to have been omitted from assessment is referred to as a team track on the right of way of the Chicago Great Western Railway Company. This right of way passes through the village in an easterly and westerly direction, and, as near as can be determined from the record, adjoins Harrison place (or Harrison street) on the north. Harrison street is paved with a good brick pavement. Oak Park avenue is the next north and south street west of Euclid avenue and extends south from Harrison street. It is also paved. The Chicago Great Western team track has an opening into Harrison street opposite the north end of Wesley avenue and another opening at some point east of that. The theory of the objectors is, and testimony was offered to that effect, that this part of the right of way upon which the team track is located would be benefited because there were a number of vacant lots on the streets which it was proposed to pave by this ordinance, and as all kinds of building material were unloaded from the cars of the railway company into wagons using this team track, it would facilitate the business of the railway company and those using this track to have the paved streets over which to travel in making delivery of building material as buildings were erected along the line of the proposed improvement. A number of witnesses testified on behalf of appellant that the railway property would not be benefited by this improvement. We are of the opinion that the benefit, if any, which the railway property would receive by reason of this improvement was such as would be enjoyed by the

public at large and that it was not liable for any special assessment.

The judgment of the county court is reversed and the cause remanded, with directions to overrule the objections.

*Reversed and remanded, with directions.*