THE CITY OF KANKAKEE, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1914.*

1. SPECIAL TAXATION—*what question cannot be tried in special tax proceeding.* Whether the lands of an objector are taxed more than their proportionate share of the cost of the improvement is a question which cannot be tried in a special tax proceeding.

2. SAME—*what is meant by section 35 of Local Improvement act.* Section 35 of the Local Improvement act, providing that a special tax shall be levied, assessed and collected, as nearly as may be, in the manner provided for making, assessing and collecting special assessments, etc., gives a right to the property owner to test the question of benefits to his property, but the provision as to the manner of levying, assessing and collecting the tax relates only to the manner and method of the proceeding.

3. SAME—*what shows a benefit to portion of the right of way.* Where a portion of the railroad right of way specially taxed for a street pavement is occupied by an elevator, office and scales and another portion is used for a lumber yard, and it appears that teams used in hauling for the elevator and lumber yard will use the paved street, such portions of the right of way are benefited.

4. SAME—*when portion of right of way may be specially taxed for local improvement.* A portion of a right of way lying between the top of a railroad cut and the street to be paved and which is

devoted to ordinary business purposes may be specially taxed for paving the street in the amount of the enhanced value of the property, notwithstanding the grant to the railroad company restricts the use of the land to railroad purposes.

5. SAME—*when portions of right of way are not benefited.* A portion of a railroad right of way consisting of a deep cut and occupied only by railroad tracks cannot be benefited by the paving of a street paralleling the right of way; nor can there be any benefit to the strip of right of way on the opposite side of the cut from the paved street, where no access can be had from such strip to the paved street except by going around by way of other streets.

6. SAME—*right of way cannot be taxed beyond the benefits received.* While it is proper, in levying a special tax against a railroad right of way for paving a street adjoining one side thereof, to tax the whole right of way and not divide it, yet it cannot lawfully be taxed beyond the benefits received by such portions as will be benefited.

7. SAME—*special tax must be levied upon property based upon increased value.* The constitution and statute permit special taxation of property for the construction of local improvements; but the tax must be levied upon the property, based upon increased value, and not upon the owner of the property.

8. SAME—*the opinions of witnesses must be based upon lawful elements.* While opinions of witnesses as to benefits to property specially taxed are admissible, yet they must result from a consideration of proper elements, and if it appears the witnesses have considered improper elements their opinions should be excluded. (*Chicago Southern Railway Co.* v. *Nolin,* 221 Ill. 367, explained.)

9. SAME—*evidence of increased rental value of parts of right of way used for business purposes is proper.* Upon the question of the amount of benefit to a railroad right of way from the paving of a street, evidence of the increased rental value of the portions used for ordinary business purposes is proper.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, (JOHN G. DRENNAN, of counsel,) for appellant.

J. H. MERRILL, City Attorney, and JOHN H. BECKERS, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Kankakee levied a special tax to pay the cost of paving with brick, on a concrete foundation, North East avenue from the north line of Court street to the south line of Chestnut street, a distance of 870 feet, with a tile sub-drain on each side of the street and a storm sewer on part of the street. The total amount of the tax was $9230, and the amount charged to the city for public benefits was $229.90. The right of way of the Illinois Central Railroad Company adjoins North East avenue on the west side and was taxed $4687.43. The county court overruled legal objections, and on a hearing before a jury concerning benefits a verdict was returned sustaining the tax. Judgment confirming the tax was entered and this appeal was taken.

The second objection filed by the appellant was that its lands were taxed more than their proportionate share of the cost of the improvement, and the court struck that objection from the files. In this there was no error, since the question of the proportionate shares of the cost of the improvement as between different tracts of land cannot be tried in a special tax proceeding. (*City of Peru* v. *Bartels,* 214 Ill. 515; *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 id. 296; *City of Ottawa* v. *Colwell,* 260 id. 548.) Section 35 of the Local Improvement act provides that a special tax shall be levied, assessed and collected, as nearly as may be, in the manner provided for making, assessing and collecting special assessments, and that no special tax shall be levied upon any property in an amount in excess of the special benefit to the property, and the question shall be subject to the review and determination of the court. That section gives a right to the property owner to test the question of benefits to his property, but the provision as to the manner of levying, assessing and collecting taxes relates only to the manner and method of the proceedings.

On the trial before the jury the following facts were proved: The right of way is 200 feet wide and runs north and south. Court street extends east and west across the right of way, and two blocks north of that street Chestnut street crosses the right of way. Midway between those streets Oak street extends eastward from the right of way but does not cross it. The improvement extends along the right of way from the north line of Court street to the south line of Chestnut street. The right of way taxed is no part of the depot grounds, the passenger depot being 500 feet and the freight house 800 feet south. There is no team track, water station or other thing connected with the depot grounds on that part of the right of way but it is devoted to track purposes entirely, except as hereinafter stated. There are five tracks laid in a cut 16 feet deep at Court street, which is carried over the tracks by a viaduct. The cut is eight feet deep 400 feet north of Court street, and at Chestnut street it is from two and a half to three feet deep. There is no crossing of the tracks from the east to the west side, and neither side is accessible from the other except in the same manner that any part of the city is accessible,—by going around over streets. The cut at the top is 125 feet wide near Court street, leaving a strip of land about 60 feet wide between the top of the slope and North East avenue. The surface of the ground slopes toward the cut and railroad tracks, except at the extreme south end, where the ground has been raised by filling for an office and scales and a driveway to an elevator, and that part is drained by two catch-basins on the north line of the viaduct, connecting with the sewer. Otherwise the water falling on the right of way drains towards the tracks and away from the avenue. At the south end of the strip of land are the office building and scales, and a short distance north of them an elevator, all leased to the Risser-Rollins Company. Loaded teams drive from Court street, which is paved, to the office and scales, and after weighing and unloading at

the elevator they pass out on North East avenue.   North of the elevator a portion of the strip is leased to Troup & Co. for storing lumber until it is sold or hauled away, and the access to the lumber yard is from North East avenue. There is a benefit to the strip of land in the fact that teams passing from the elevator after unloading would go out upon a paved street, and the paved street would benefit the land used for the lumber yard.

The strip of land between the cut and North East avenue is devoted to ordinary business uses and may be taxed for a local improvement in the amount of the enhanced value of the property, notwithstanding the grant to the appellant restricts the use of the land to railroad purposes. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11.)   As no part of the land in the cut was used for depot purposes but only for railroad tracks used in transportation, there could be no enhanced value for that use and no possible benefit to that part of the right of way.   It was not improper to tax the whole right of way and not divide it, (*City of Kankakee* v. *Illinois Central Railroad Co.* 257 Ill. 298,) but it could not be taxed beyond the benefits received, and the only benefit was to the portion east of the cut used for business purposes.   On the west side of the cut there were stock yards of the appellant, a building of the National Biscuit Company, and some other buildings owned by or leased to private parties, but there was no benefit to the strip west of the cut, because it was not accessible from North East avenue.   The people doing business there could only reach North East avenue in the same way that all the public could reach it, by traveling around and across Chestnut street or Court street, and that use is not distinguishable in any way from the general public use. It is also obvious from the condition of the ground that the sub-drain and storm sewer would only drain the street and not the right of way.

263 – 38

Witnesses for the appellee testified that the right of way was benefited to the amount of the tax, but showed, upon cross-examination, that their opinions included improper elements, which necessarily increased their estimates. For example, the street commissioner, after testifying that he could tell the amount of the benefit by knowing the width of the street and the amount it would cost to construct the improvement and that he arrived at the benefits in that way, testified that if the street was paved it would bring more business to the lumber yard, the lumber company would sell more lumber and the appellant would get more freight for hauling more lumber, and by that means its revenue would be increased. The constitution and statute permit special taxation of property for the construction of local improvements, but the tax must be levied on property based upon increased value and not upon the owner of the property. (*Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 Ill. 656.) It was on that ground that the court held in *Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 Ill. 398, that the increase in passenger and freight traffic could not be considered in an assessment of benefits to right of way. Witnesses also included benefits to the strip of land west of the cut which would derive no benefit from the improvement. The occupants obtained no benefit or advantage not shared by the public, generally, in the improvement of the city.

The appellant moved the court to exclude from the jury opinions as to the amount of benefits, based, in part, upon grounds which the law does not recognize as lawful and legitimate, and the court denied the motion. The court erred, because, while opinions are admissible in evidence, they must result from a consideration of lawful elements. *City of Chicago* v. *Spoor,* 190 Ill. 340; *Illinois Central Railroad Co.* v. *Trustees of Schools,* 212 id. 406; *City of Park Ridge* v. *Wisner,* 253 id. 434.

· Counsel for appellee misinterpret the decision in *Chicago Southern Railway Co.* v. *Nolin,* 221 Ill. 367, as holding that opinions based upon improper grounds should not be excluded from the jury. In that case there were motions to exclude the testimony of witnesses on the alleged ground that their estimates included improper elements of damage. They had stated that in fixing the amount of depreciation in value of the land they had taken into consideration increased danger of fire and danger to live stock from the operation of the proposed railroad. It was held that while depreciation in market value was the test, the jury might consider whether danger of fire from passing engines would depreciate the value of the land and consider the increased danger to live stock if and in so far as the market value of the land was depreciated thereby. It was said that these elements had always been considered by the court proper for the jury. In this case the court ought to have excluded the opinions which included improper elements, or have required that the opinions which the jury were permitted to consider should be based only on lawful grounds. Evidently the judgment included improper elements and benefits to property that could not be benefited.

. Complaint is made of the admission of evidence of increased rental value of the land used for business purposes, but such evidence was proper, for the reason that the value of land is determined to some extent by the income from rentals.

Appellant also complains of the giving of the second instruction asked by the appellee and the refusal of some instructions asked by the appellant/ The second instruction stated a correct principle of law, and the rules stated in the refused instructions, so far as correct, were covered by other instructions given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*