THE VILLAGE OF OAK PARK, Appellant, *vs.* C. F. SWIGART, Appellee.

*Opinion filed December 16, 1914.*

1. APPEALS AND ERRORS—*rule when judgment is reversed and cause remanded.* Where a judgment is reversed and the cause is remanded with specific directions the trial court must carry out such directions, but if no specific directions are given the question as to what further proceedings can be had that are consistent with the opinion must be determined from the nature of the case.

2. SPECIAL ASSESSMENTS—*what objection is a legal one as distinguished from one for the jury.* The question whether a special assessment of particular property is an unjust proportion of the cost of the improvement as compared with the assessment of other parcels of land is a legal objection for the determination of the court and not one to be submitted to the jury.

3. SAME—*when court cannot sustain an objection after cause is remanded.* Where the objector in a special assessment case files numerous printed objections and thereafter states in court what objections he intends to rely upon, the objections not relied upon are waived, and if the judgment dismissing the petition is reversed by the Supreme Court with directions to overrule the legal objections, the trial court, upon re-docketing the cause, must overrule all the legal objections, both those considered by the Supreme Court and those which might have been raised and considered.

APPEAL from the County Court of Cook county; the Hon. J. E. HILLSKOTTER, Judge, presiding.

FREDERICK W. PRINGLE, for appellant.

WILLIAM T. HAPEMAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding to pave, by special assessment, certain streets in the village of Oak Park. The case was tried in the county court on legal objections raised by appellee and the petition was dismissed. From that decision the village appealed to this court, where the judgment of the county court in that case was reversed and the cause

remanded, with directions to overrule the objections. (262 Ill. 614.) On the mandate of this court being filed in the county court the cause was again called up for hearing, and the court, over the objections of counsel for the appellant, heard evidence on the legal objections. Said trial court, after hearing this evidence, reduced the assessment on the property of appellee, on the ground that the original assessment as to said property was not equitable and just as compared with the assessments against other parcels of property, and entered judgment accordingly. From that judgment this appeal was taken.

Before the case was heard the first time counsel for appellee filed sixty-eight objections in printed form. At least two of those objections, Nos. 13 and 27, raised the question that was heard on the last hearing by the court below, as to the assessment being an inequitable and unjust distribution of the cost of said improvement between the parcels assessed. It appears from the record in the former proceeding, as conceded on this trial, that on that hearing counsel for the village asked to be told all the legal objections that were to be raised. Counsel for appellee then stated what he intended to rely on, and in reply to the question of the court, "Have you stated all your legal objections?" he answered, "Yes, all that I care to raise." Objections that are not urged are waived, and counsel, of course, cannot object in a court of review because the trial court has failed to pass upon them. (*Fisher* v. *City of Chicago,* 213 Ill. 268.) It is the settled rule, also, that where a cause is re-docketed after litigation is prosecuted to a court of review and passed upon, not only the questions that were raised and considered, but also all that could have been raised and passed upon, are *res judicata* whether they were raised or not. (*Lusk* v. *City of Chicago,* 211 Ill. 183; *Goodrich* v. *City of Chicago,* 218 id. 18; *Martin* v. *McCall,* 247 id. 484; *Marie M. E. Church* v. *Trinity Church,* 253 id. 21.) It would be an intolerable practice to permit objectors

to have their legal objections heard by piecemeal. It is no hardship for them to be compelled to bring forward all their objections at the same time. (*Gross* v. *People,* 193 Ill. 260.) Manifestly, when counsel for appellee was requested to state his objections he waived all objections except those he then raised. This conclusion is inevitable in this case, where he had these identical legal objections then on file that were thereafter urged on this second trial. The former opinion stated that this appellee had filed numerous legal objections, certain of which he stated in that trial he did not intend to rely upon, some of which were not urged here on appeal. After classifying the objections urged here under three heads and passing on them, this court in said 262 Ill. 614, reversed the cause, with directions to overrule the objections. What objections? Surely that order included all legal objections. If a judgment is reversed and the cause remanded, the inferior tribunal can only take such further proceedings as conform to the finding of the appellate tribunal, and if specific directions are given nothing can be done except to carry out such directions. (*People* v. *Waite,* 243 Ill. 156.) If, however, no specific directions are given, then the question what further proceedings would be proper and consistent must be determined from the nature of the case. In view of the former record there can be no question but that the intention of this court was to direct the overruling of all legal objections. The only question thus left for further consideration by the trial court was whether the property was benefited the amount it was assessed or was assessed more than its proportionate share of the cost of the entire improvement. The question whether the assessment of appellee's property was an unjust proportion of the cost of the improvement as compared with other parcels of land assessed is a legal objection, to be submitted to the court and not to the jury, (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11,) as is conceded here by counsel for appellee. On the remanding

of the case, therefore, the court should have overruled all legal objections.  ·

The judgment of the county court must be reversed and the cause remanded, with directions to that court to overrule all legal objections, and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*