(No. 11236.—Reversed and remanded.)

The City of Chicago, Appellee, *vs.* The Chicago and Northwestern Railway Company, Appellant.

*Opinion filed April 19, 1917.*

1. Special assessments—*as a general rule paving of a street is of no benefit to a railroad right of way.* While there may be conditions under which a railroad right of way is benefited and can be assessed for a local improvement, as a general rule such a local improvement as the paving of a street is of no benefit to it.

2. Same—*benefits to railroad right of way are restricted to the special use to which the property is put.* Where land is restricted to a special use, such as a railroad right of way, the measure of benefits which it may receive from a local improvement is the increased value of the property for such special use, and the test is whether the right of way will be benefited in its market value for the use to which it is being put and not for its probable future use.

3. Same—*increased profits because of accessibility to a station cannot be considered in assessing benefits to the right of way.* Increased profits or revenue of the railroad company on account of the accessibility to its station cannot be considered in assessing benefits to the right of way from the paving of a street, nor is it proper to consider benefits received by the public at large.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

CHARLES A. VILAS, and IRVING HERRIOTT, (EDWARD M. SMART, of counsel,) for appellant.

HARRY F. ATWOOD, OTTO W. ULRICH, and ALBERT L. GREEN, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling the legal objections of appellant and objections to benefits, and confirming an assessment, with certain modifications, against its right of way and adjacent property for a local improvement, being the paving of Ravenswood avenue, in the city of Chicago, with a vitrified brick pavement extending from Balmoral avenue on the south to the entrance to Rosehill cemetery on the north.

Appellant's right of way adjoins and is parallel to Ravenswood avenue on the west side thereof for the whole distance of the proposed improvement, being about 2500 lineal feet of pavement, and is the main line of the Chicago and Milwaukee division. The railroad tracks are elevated and the base of the embankment on which the tracks are laid occupies 13½ feet of the westerly side of Ravenswood avenue. The amount assessed against the company's property was twenty-five per cent of the estimated total cost of the improvement and was in a lump sum of $5250. At the south terminus of the proposed improvement Ravenswood avenue is intersected by Balmoral avenue, a paved street, which passes under the tracks of appellant by a subway. North of Balmoral avenue about 1250 feet is Bryn Mawr avenue, also paved, which also passes under the tracks of ap-

pellant from east to west by a subway. Between Balmoral and Bryn Mawr avenues the property of appellant is 218 feet wide, the east 68 feet being its main line right of way and the west 150 feet being used for a teaming yard and for unloading freight shipped in car-load lots, but there is no access to the teaming yard from Ravenswood avenue except by Balmoral and Bryn Mawr avenues. The right of way from Balmoral avenue to a point 3000 feet north thereof and the ground occupied by the team yard above described is the property assessed in this proceeding. West of this teaming yard are a number of private industries connected with the main line of the railroad by switch tracks. North of Bryn Mawr avenue is Rosehill cemetery, lying immediately west of the right of way of appellant, which right of way from Bryn Mawr avenue north is 70 feet wide. About 1250 feet north of Bryn Mawr avenue is the cemetery entrance, reached by passing under the tracks of appellant. The right of way is separated from Ravenswood avenue by a fence, with no gates or breaks in it except at the intersections of the Balmoral and Bryn Mawr avenue subways. Immediately north of the cemetery entrance is the Rosehill station of the railway company, which occupies a portion of Ravenswood avenue under a track elevation ordinance but does not abut upon the improvement, which only extends to the south line of the cemetery entrance. On the east side of Ravenswood avenue are residences, apartments, greenhouses and business properties, and a large number of the lots are vacant. Street railway tracks occupy the westerly portion of the avenue. The elevated portion of the right of way, which immediately adjoins Ravenswood avenue on the west, as stated, is from 15 to 18 feet above the grade of Ravenswood avenue and is occupied by three main line tracks. In the neighborhood of one hundred trains pass over these tracks daily between Chicago and Milwaukee, including the trains used in suburban service. The only freight service

at the station is the local freight taking care of the business south of Evanston. About twenty-five commuters take the suburban trains of appellant at the depot in the morning and return at night. Very little baggage or express is received at the station or sent therefrom and there is very little hauling to the station. The principal business street through this section of the city is North Clark street, which runs north and south nearly parallel to Ravenswood avenue and three blocks, or about a quarter of a mile, east thereof.

The legal objections are to the effect that the railroad property, both the team yard property and the elevated right of way, would not be benefited at all by the proposed improvement. The court overruled the legal objections and heard the evidence of the respective parties on objections to benefits without a jury, and at the conclusion of the hearing reduced the assessment against the appellant from $5250 to $3750, and with that reduction confirmed the assessment roll. By the assignments of error it is now claimed that the court should have sustained the legal objections and reduced the railroad company's assessment to zero; also that the court erred in admitting certain testimony on behalf of appellee and in refusing to hold certain propositions of law and make certain findings of facts offered.

Several witnesses testified on behalf of appellant that the property of appellant which was assessed for this improvement would not be benefited at all for railroad purposes, that the value of the property assessed would not be enhanced thereby, and that the right of way was not in need of drainage. Several witnesses testified on behalf of appellee that in their opinion the property of appellant would be benefited and enhanced in value, but it is apparent from their evidence that they based their opinions upon elements which it was improper to take into consideration. It seems clear that the portion of appellant's property, being its elevated right of way and particularly that portion from Bryn

Mawr avenue north, will receive no benefit whatever and will not be more valuable for railroad purposes by reason of this improvement. The tracks are from 15 to 18 feet above the level of the street and the embankment is fenced off from the street by a wire fence, and there is no access from the right of way to the street at any point. The situation is somewhat similar to that in *City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589, the difference being, in that case the railroad where the right of way was assessed ran through a cut and in the case at bar the track is elevated. In that case we held that the portion of a railroad right of way in a deep cut and occupied only by railroad tracks cannot be benefited by the paving of a street paralleling the right of way.

While there may be conditions under which a railroad right of way is benefited and can be assessed for a local improvement, as a general rule such a local improvement as a pavement is of no benefit to a right of way. (*Village of River Forest* v. *Chicago and Northwestern Railway Co.* 197 Ill. 344; *City of Highwood* v. *Chicago and Northwestern Railway Co.* 276 id. 98.) If benefited at all, the evidence must show that it is benefited for the special use to which the property is devoted. Where land is restricted to a special use, such as railroad right of way, the measure of benefits which it may receive from a local improvement is the increased value of the property for such special use. (*Village of River Forest* v. *Chicago and Northwestern Railway Co. supra; City of Kankakee* v. *Illinois Central Railroad Co.* 257 Ill. 298; *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 id. 11.) The test is whether the right of way of the railroad property will be benefited in its market value for the use to which it is being put and not its probable future use. It cannot be taxed upon the benefits thus received. (*City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589; *Illinois Central Railroad Co.* v. *City of Chicago,* 169 id. 329; *City of Lincoln* v. *Chicago and Al-*

*ton Railroad Co. supra.*)   Increased profits or increase of revenue of the railroad company on account of the' accessibility to its station cannot be taken into consideration in assessing benefits to its right of way property.   The benefits from such a cause are based upon mere conjecture, and such an element cannot be considered in estimating benefits for a local improvement.   (*Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 Ill. 398; *Rich* v. *City of Chicago,* 152 id. 18; *City of Highwood* v. *Chicago and Northwestern Railway Co. supra.*) In *City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589, it was held that there could be no benefit to a strip of right of way on the side of a cut opposite from the paved street, where no access can be had from such strip to the paved street except by going around by way of other streets.   In *Village of Oak Park* v. *Swigart,* 262 Ill. 614, it was held that where a team-track of a railway company adjoins a paved street which connects with cross-streets also paved, the fact that there are several vacant lots on other streets, and that it will facilitate the delivery of building material unloaded on the team-track for use in building houses on such lots if the streets on which they are located are paved, does not constitute a special benefit to the company but is one that will be enjoyed by the public at large. The only possible benefit to appellant of which the witnesses for appellee testified, by reason of the proposed improvement, was that teamsters taking material from the teaming yards of appellant, situated between Balmoral avenue on the south and Bryn Mawr avenue on the north, could use Ravenswood avenue in making deliveries along that street, or possibly use it to some extent in going on other streets; but, as has been pointed out, the only means of access to these yards is from Balmoral and Bryn Mawr avenues, which are paved streets, and any possible benefit that appellant might receive would only be such as is received by the public at large by reason of a paved street in that vicinity.

It is not necessary to consider the other errors assigned. Under the previous holdings of this court construing the statute under which the assessment was made, the property of appellant which has been assessed in this proceeding has not been benefited in the use to which it is put.

The judgment of the county court of Cook county will be reversed and the cause remanded to that court, with directions to sustain the objection that said property is not benefited by said proposed improvement.

*Reversed and remanded, with directions.*