(No. 15846.—Reversed and remanded.)

THE PEOPLE *ex rel.* Robert Shake *et al.* Appellees, *vs.*
L. D. LORD *et al.* Appellants.

*Opinion filed February 17, 1925.*

1. STIPULATIONS—*parties may stipulate as to the pleadings and the issues for trial.* Parties, by their attorneys, may stipulate as to the pleadings or as to the issues for trial, and where they do so all informalities are waived, and their right to demur or question the form of any pleading is waived.

2. SAME—*stipulation as to facts is binding only on first trial.* A waiver of a jury is exhausted by the first trial, and when the case is remanded both parties are restored to their original right of trial by jury, and stipulations made on the former trial as to facts are not admissible on the second hearing except by consent of parties.

3. SAME—*stipulation as to pleadings is not binding on second trial.* A stipulation as to the pleadings on the first trial is not binding on the hearing after the cause is remanded, as either party may be allowed to file further pleas to raise additional issues, if such appear to be necessary for protection of the rights of parties.

4. PRACTICE—*lower court must always proceed in conformity with opinion of appellate tribunal.* It is always the duty of the lower court, when a cause is remanded, to proceed in conformity with the views expressed in the opinion of the appellate tribunal, whether there is or is not a general direction to that effect.

5. SAME—*effect where cause is determined by appellate tribunal on its merits.* If a cause wherein the parties are not entitled to a jury trial is determined by the appellate tribunal on its merits and the cause is remanded generally, the lower court can do nothing but enter a judgment accordingly.

6. SAME—*when parties are entitled to trial de novo after reversal.* Where a judgment in an ordinary suit at law, in which the parties are entitled to a jury trial, is reversed by the Supreme Court for errors prior to the entry of judgment and the cause is remanded generally, the parties are entitled to a trial *de novo.*

7. SAME—*when, only, may Supreme Court direct entry of judgment.* It is only where the reversal is for error occurring after the entry of the verdict that the Supreme Court may, in an action at law, direct the entry of a proper judgment on remanding a cause in which the parties are entitled to a jury trial.

8. SAME—*neither Appellate Court nor Supreme Court can exercise the functions of a jury.* In a proceeding wherein the par-

ties are entitled to a jury trial and the evidence as to the material facts is conflicting, neither the Appellate Court nor the Supreme Court can exercise the functions of a jury and reverse the judgment on the evidence without remanding the cause.

9. SAME—*reversal of judgment in quo warranto proceeding is not conclusive of the facts.* Where a judgment quashing an information in *quo warranto* in a school case is reversed and the cause is remanded generally, the judgment of reversal is binding on a second trial as to all questions of law decided in the opinion of the Supreme Court, but a finding in the opinion that the school district is not composed of compact and contiguous territory applies only to the facts then in the record and does not preclude additional evidence on that question at the second hearing.

FARMER, J., dissenting.

APPEAL from the Circuit Court of Christian county; the Hon. T. M. JETT, Judge, presiding.

LESLIE J. TAYLOR, for appellants.

EDWARD E. DOWELL and CARL PREIHS, State's Attorneys, and HOGAN & REESE, for appellees.

Per CURIAM: This case was before this court at a former term under the title *People* v. *Simpson,* 308 Ill. 418. That case was an appeal from the judgment of the circuit court of Christian county quashing the *quo warranto* and dismissing the suit at the cost of relators. We reversed the judgment of the circuit court and remanded the cause to that court. A petition for rehearing was filed and allowed, in which it was alleged the original decision of this court was not in accordance with the facts or with the law, but these allegations were not sustained and the opinion and decision were adhered to.

It appears that in the proceeding then appealed from, a petition had been filed alleging that Community High School District No. 307 was improperly, illegally and unlawfully organized, in that it was not contiguous and compact and not in conformity with the law. Upon the basis of that petition the court permitted the information to be filed.

It is stated by appellees' counsel and not denied by appellants' counsel, that when the cause was originally tried oral evidence and stipulations as to facts were submitted and that the cause was not tried upon the pleadings but the issues were stipulated, and that the following stipulation was entered into and appears in the record of the original cause as to the pleadings, to-wit:

"It is stipulated and agreed between the parties hereto that a petition was filed for the purpose of organizing this district; that all steps were either taken in accordance with the law or validated thereafter by an act of the legislature validating the high school district so as to organize this district as it now exists and the election of its officers, who are the defendants herein, except as to the issues which are hereafter submitted and which are as follows:

"*First*—As to the compactness and contiguousness of the district.

"*Second*—As to whether or not the district constitutes a community within the meaning of the law.

"*Third*—Whether the proceeding is one brought for the public or for the private interests of the relators.

"These questions are to be considered and determined by the court as though presented by proper pleas and independent of the present pleas at the present time, and all questions arising on the pleas are waived, it being considered that appropriate pleas and appropriate replications are filed without objections or exceptions to raise all the above and foregoing questions.

"*Fourth*—As to whether or not the public has or will suffer any inconvenience or public detriment by reason of the delay in filing the petition and suing out the writ in this case."

As the above stipulation is not questioned we will assume it is true as quoted.

When the mandate of this court was filed in the circuit court, appellees here, who were relators in the circuit court,

presented a motion that judgment be entered by the circuit court ousting appellants here, defendants there, for the reason that the judgment of this court was a final decision of the merits involved in the litigation. Appellants entered a motion for leave to withdraw their plea of justification and for leave to file a plea in abatement. That motion was denied. Appellants then moved for leave to file two special pleas, but the court denied the motion. They thereupon entered a motion to set the cause down for trial on the issues made by the petition, plea of justification and replication to the plea, and for trial by jury, on the ground that they were entitled to a trial *de novo,* and alleged they were prepared to prove facts showing the district was compact and contiguous as defined by this court. The court denied that motion. The board of education of school district No. 163, which is one of the school districts embraced within Community High School District No. 307, asked leave to intervene, but the court denied the leave. After denying all the motions referred to, the court, without hearing further evidence, entered a judgment of ouster against appellants and rendered judgment against them for costs. From that judgment this appeal is prosecuted.

The real question presented for our decision is as to the effect of the decision of this court in *People* v. *Simpson, supra,* whether the circuit court was justified in rendering the judgment, or whether it should have permitted a new trial of the case, amendment of the pleadings and the introduction of additional testimony.

No question, as disclosed by the opinion of this court rendered in the *Simpson case,* was raised in the circuit court as to the sufficiency of the information in form or substance. Under the above stipulation as to the pleadings no such question could be raised successfully. Parties, by their attorneys, may stipulate as to the pleadings or as to the issues for trial, and where they do so all informalities are waived, and their right to demur to or to question the form

of any pleading is waived by such stipulation. (*Miller* v. *McManis,* 57 Ill. 126.) Parties may also stipulate as to the facts and for trial before the court without a jury in jury cases. It is also the rule of law that a waiver of a jury for the purpose of a trial is exhausted by that trial, and when a case is remanded to the trial court both parties are restored to their orginal right of trial by a jury, and stipulations made on the former trial are not admissible upon the second hearing except by consent of the parties. (*City of Alton* v. *Foster,* 207 Ill. 150.) No such rule, however, prevails in a stipulation in regard to the pleadings. On remandment in such a case either party might be entitled to file further pleas to raise additional issues, if such appears to be necessary for the protection of the parties. There is no reason, however, for changing the stipulation already made as to the pleadings or issues already formed or agreed upon unless a real reason is shown to the effect that the pleadings agreed on are so defective that they do not properly present the issues intended or that some of the issues are immaterial in the case.

The opinion in *People* v. *Simpson, supra,* states that a plat of the district was introduced in evidence; that the proof shows the district was composed of ten common school districts, eight of them in one township and one in each of two other townships; that no school house had been built or bonds issued but the school had been conducted in the school house in the village of Morrisonville; that there were two creeks in the district that overflowed several weeks in the year; that many of the students outside the village of Morrisonville were often compelled to board in the village to be able to attend the school continuously, and that on account of the distance or bad roads some of the pupils boarded in Morrisonville the entire school year. The court said it was manifest from the proof that the territory embraced in the district was not compact and contiguous within the meaning of those terms as defined by the court

and that the school was not accessible to all of the pupils. A petition for a rehearing was allowed, as previously stated, but the decision was adhered to. The final order of the court, as disclosed in the opinion, was that "the judgment of the circuit court is reversed and the cause remanded."

Where a judgment is reversed and the cause is remanded with specific directions the trial court must carry out such directions, but if no specific directions are given the question as to what further proceedings can be had that are consistent with the opinion must be determined from the nature of the case. It is always the duty of the inferior court to proceed in conformity with the views expressed in the opinion of the appellate tribunal, whether there is a general direction to that effect or not. If a cause wherein the parties are not entitled to a jury trial is determined by the appellate tribunal on its merits and the cause is remanded generally, the inferior court can do nothing but enter a judgment accordingly. Where a judgment is reversed and the cause is remanded the judgment is conclusive only of the questions actually decided, but if a cause is tried on its merits in the trial court a judgment of affirmance is conclusive whether the merits of the case were considered by the appellate tribunal or not, and is conclusive not only of the matters determined but also of those which might have been raised or determined. *Village of Oak Park* v. *Swigart,* 266 Ill. 60; *People* v. *Waite,* 243 id. 156; *Lusk* v. *City of Chicago,* 211 id. 183.

If a judgment in an ordinary suit at law, in which the parties are entitled to a jury trial, is reversed by the Supreme Court for errors intervening prior to the entry of the judgment and the cause is remanded generally, the parties are entitled to a trial *de novo.* It is only where the reversal is for error occurring after the entry of the verdict that the Supreme Court may direct the entry of a proper judgment on remanding a cause at law in which the parties are entitled to a jury trial. *Rigdon* v. *More,* 242 Ill. 256.

In *Prentice* v. *Crane,* 240 Ill. 250, the question of the effect of a judgment of reversal and remandment was considered, and we said: "This court may in any case, either at law or in equity, render final judgment as provided by section 110 of the Practice act, or, in case of a reversal, may remand the cause to the inferior court. If the cause is one where the parties are entitled to a trial of the issues of fact by a jury the inferior court must be governed by the legal principles laid down in the opinion in any further proceedings in the case, but the conclusion of this court as to matters of fact does not control upon another trial, where the facts are to be determined from the evidence then introduced. If the case is one where there is no right to a jury trial, this court, upon reversing the judgment or decree and remanding the cause, may direct the inferior court to enter a particular judgment or decree or give directions which will have that effect."

In *People* v. *Drainage Comrs.* 282 Ill. 514, which was a proceeding by *quo warranto,* there had been an appeal to this court and a general order of reversal and remandment, and it was held that "the decision of the former appeal was final and conclusive upon the facts then in the record, but when the case was re-instated in the circuit court the parties were entitled to a jury trial and to introduce upon the second trial any further evidence they might have but were concluded by the rules of law laid down on the former appeal."

In *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, we held that in actions at law tried by a jury, where the evidence is conflicting, section 120 of the Practice act does not authorize the Appellate Court to reverse the judgment with a finding of facts and not remand the cause, for the reason that such a construction of the statute would authorize that court in any case depending on facts, where the evidence is conflicting, to weigh and determine on which side the pre-

315—39

ponderance of the testimony lies and to exercise the functions of a jury, and would therefore be a violation of the constitutional right of trial by jury. The exercise of the functions of a jury is prohibited to this court as well as to the Appellate Court.

In the proceeding now before us, which was an information in the nature of *quo warranto*, there was a right to a jury trial, and the rule relied upon by appellees that the decision of this court upon the facts then in the record was a final determination of the controversy, which precluded the parties from a new trial upon the remandment of the cause to the circuit court, cannot be sustained for the reasons aforesaid. The question of fact as to whether or not the territory of the district was compact and contiguous in the constitutional sense was decided against appellants on the facts in the original record then before us, and on remandment appellants were entitled to a trial by a jury on that question of fact and upon any other question of fact triable by a jury and decisive of the issues. Had the case been affirmed instead of reversed, as in *People* v. *Engle,* 313 Ill. 483, the decision would have been final. This court in the present case in its conclusion said: "It is manifest from the facts shown in the record that this territory is not composed of compact and contiguous territory within the above definition, and that the school building, on this record, would not be accessible to all pupils within the district living outside of Ricks township. For that reason the judgment of the circuit court is reversed and the cause remanded." The trial court evidently overlooked the fact that this court only purported to decide that question of fact on the evidence then in the record.

There are many points raised by the appellants in this record that we will not consider because we have already passed upon all the questions that are properly in the record.

As the judgment in the *Simpson case, supra,* was reversed solely upon a question of fact and the cause re-

manded, the judgment on the record now before us will be reversed and the cause remanded for a further trial.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.

---

(No. 16330.—Reversed and remanded.)
JULIA SEAVEY *et al.* Appellants, *vs.* LENA GLASS, Appellee.

*Opinion filed February 17, 1925.*